Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
08/16/2019 12:07 AM CDT

State of Nebraska, appellee, v.
Danny J. McGinn, appellant.
___ N.W.2d ___

Filed May 24, 2019.    No. S-18-744.

1.  **Criminal Law: Courts: Appeal and Error.** In an appeal of a criminal case from the county court, the district court acts as an intermediate court of appeals, and its review is limited to an examination of the record for error or abuse of discretion.
2.  **Courts: Appeal and Error.** Both the district court and a higher appellate court generally review appeals from the county court for error appearing on the record.
3.  **Judgments: Appeal and Error.** When reviewing a judgment for errors appearing on the record, an appellate court's inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable.
4.  **Appeal and Error.** An appellate court independently reviews questions of law in appeals from the county court.
5.  **Criminal Law: Courts: Appeal and Error.** When deciding appeals from criminal convictions in county court, an appellate court applies the same standards of review that it applies to decide appeals from criminal convictions in district court.
6.  **Convictions: Evidence: Appeal and Error.** In reviewing a criminal conviction for a sufficiency of the evidence claim, whether the evidence is direct, circumstantial, or a combination thereof, the standard is the same: An appellate court does not resolve conflicts in the evidence, pass on the credibility of witnesses, or reweigh the evidence; such matters are for the finder of fact.
7.  **Courts: Appeal and Error.** The State has the right to appeal a decision of the district court sitting as an intermediate court of appeals.
8.  **Appeal and Error.** An appellate court does not consider errors which are argued but not assigned.

9. ____. An appellee's argument that a lower court's decision should be upheld on grounds specifically rejected below constitutes a request for affirmative relief, and the appellee must cross-appeal in order for that argument to be considered.

10. **Drunk Driving: Blood, Breath, and Urine Tests: Evidence: Proof.** A driving under the influence offense can generally be shown either by evidence of physical impairment and well-known indicia of intoxication or simply by excessive alcohol content shown through a chemical test.

11. **Criminal Law: Evidence: Double Jeopardy: New Trial: Appeal and Error.** Upon finding reversible error in a criminal trial, an appellate court must determine whether the total evidence admitted by the district court, erroneously or not, was sufficient to sustain a guilty verdict. If it was not, then double jeopardy forbids a remand for a new trial.

12. **Criminal Law: Convictions: Evidence: Appeal and Error.** When reviewing a criminal conviction for sufficiency of the evidence to sustain the conviction, the relevant question for an appellate court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

Appeal from the District Court for Holt County, MARK D. KOZISEK, Judge, on appeal thereto from the County Court for Holt County, KALE B. BURDICK, Judge. Judgment of District Court reversed, and cause remanded with directions.

Forrest F. Peetz, of Peetz Law, P.C., L.L.O., for appellant.

Douglas J. Peterson, Attorney General, and Nathan A. Liss for appellee.

HEAVICAN, C.J., MILLER-LERMAN, CASSEL, STACY, FUNKE, PAPIK, and FREUDENBERG, JJ.

FUNKE, J.

Danny J. McGinn appeals the district court's decision affirming his conviction for driving under the influence, second offense, in violation of Neb. Rev. Stat. § 60-6,196 (Reissue 2010). The district court determined the county court erred in admitting breath test evidence but affirmed the conviction by finding there was sufficient evidence to support

McGinn's conviction. The State has not appealed the district court's decision on the inadmissibility of the breath test evidence. Therefore, the sole issue on appeal is whether the district court erred in affirming the conviction after finding the breath test evidence inadmissible. For the reasons set forth herein, we reverse the district court's decision and remand the cause with directions.

## BACKGROUND

This case originated in August 2017 when McGinn was charged with driving under the influence of alcohol, second offense, in violation of § 60-6,196, stemming from a traffic stop of his vehicle in July. According to the complaint, McGinn

> operate[d] or ha[d] actual physical control of a motor vehicle while under the influence of alcoholic liquor when he/she had a concentration of .08 grams or more by weight of alcohol per 210 ml of his/her breath, but less than .150 grams by weight of alcohol per 210 ml of his/her breath.

During the traffic stop and subsequent investigation, the arresting officer conducted field sobriety tests and a breath test using a DataMaster machine.

### Motion to Suppress

In October 2017, McGinn filed a motion to suppress any chemical test of his blood, breath, or urine conducted during the traffic stop and subsequent investigation. In his motion, McGinn claimed the State failed to permit him to have an additional test conducted following the officer-directed test, in violation of Neb. Rev. Stat. § 60-6,199 (Reissue 2010).

The county court denied McGinn's motion, determining that § 60-6,199 did not give McGinn the right to a separate test and instead only required the State to allow McGinn the right to contact a physician of his choice. The trial court reasoned that the physician would evaluate McGinn's condition and order whatever laboratory tests the physician deemed

appropriate. Because there was no evidence that the McGinn contacted a physician of his choice and no evidence that a physician attempted to evaluate him or ordered any tests, the court declined to suppress or limit the use of the breath test evidence.

## Trial

A bench trial was held in January 2018. During trial, Sgt. Mike Parks, with the Holt County sheriff's office, testified regarding the maintenance, use, and operating procedure for the DataMaster utilized to test McGinn.

Deputy Steven Binkerd testified as the arresting officer. Binkerd explained that on July 28, 2017, around 11:30 p.m., he stopped McGinn for speeding. Binkerd testified that when he asked McGinn for his driver's license and vehicle documentation, he observed McGinn "was nervous, anxious, fast talking." Once McGinn provided his driver's license and insurance, Binkerd asked specifically for the vehicle registration, and McGinn asked, "'Is that the little pink one?'" Binkerd responded that it was, and McGinn began to look for it, but they "started talking and he got lost again." McGinn asked again whether it was the "'little pink one,'" and Binkerd told McGinn it was. Finally, McGinn found it and handed it to Binkerd.

Binkerd testified that he detected the odor of alcohol emitting from McGinn's vehicle during the stop. McGinn had explained he consumed three drinks that evening. Binkerd then administered field sobriety tests. First, Binkerd conducted a horizontal gaze nystagmus test, to which he observed six indicators signifying to Binkerd there was "a 77 percent chance" that McGinn was over a .1 blood alcohol content. Next, Binkerd conducted a nine-step walk-and-turn test, which "showed impairment" in that McGinn struggled to complete the test while wearing flip-flops and then barefoot, took only eight of the instructed nine steps, and missed the instructed heel-toe maneuver. Binkerd then administered the one-legged stand test, and McGinn used his arms for balance and counted

to 31 instead of 30 as instructed. Binkerd explained this indicated to him there was a "65 or 66 percent chance that he was impaired based on those results." The next test Binkerd conducted was the "Rhomberg" test, in which McGinn stood in a wider stance than instructed, estimated 28 seconds as the passage of 30 seconds, and swayed slightly. Binkerd opined that this performance "showed signs of impairment." Finally, Binkerd conducted an alphabet test, which he testified showed no signs of impairment.

After conducting the field sobriety tests, Binkerd conducted a preliminary breath test and arrested McGinn. At the jail, Binkerd advised McGinn of a postarrest chemical test advisement form, which McGinn signed, explaining the use of a DataMaster test by the State. While explaining the DataMaster test, McGinn asked Binkerd about getting a blood test and Binkerd informed him that the State was no longer using blood tests due to a 2016 U.S. Supreme Court opinion[1] but that Nebraska statute allows McGinn a second test at his own expense.[2] Binkerd administered the DataMaster test, which indicated an alcohol concentration of .128 grams per 210 liters of breath.

After the DataMaster test, McGinn brought up his right to a second test and requested a blood draw. Binkerd was unclear how *Birchfield* affected a request for a secondary test and called his supervisor, Parks, for clarification. After that call, Binkerd informed McGinn that the sheriff's office no longer dealt with blood tests regardless of whether it was for the State's test or a secondary test. Instead, Binkerd instructed McGinn that any requested secondary test would have to be a breath test taken on the same DataMaster used for the officer-directed test. Binkerd testified that McGinn made a telephone call at some point after the DataMaster test and that he was

---

[1] See *Birchfield v. North Dakota*, ___ U.S. ___, 136 S. Ct. 2160, 195 L. Ed. 2d 560 (2016).

[2] See § 60-6,199.

booked; however, there was no indication that the call was made to a physician.

McGinn renewed his objection to the testimony and evidence concerning the breath test results on the grounds asserted during him motion to suppress. The court overruled McGinn's objection, stating that "law enforcement cannot hamper a motorist's efforts to obtain independent testing, but they are under no duty to assist in obtaining such testing beyond allowing telephone calls to secure the test [and] under no duty to transport the defendant anywhere to secure that independent testing."

The county court found McGinn guilty of driving under the influence, second offense, and sentenced McGinn to 10 days in jail, a $500 fine, an 18-month suspension of his driver's license, and 12 months' probation.

## APPEAL TO DISTRICT COURT

McGinn appealed his conviction to the district court. As the district court noted in its subsequent decision, the main issue raised by the appeal involved § 60-6,199 and whether Binkerd refused to permit the additional test as provided. The court noted that the parties did not dispute the relevant evidence: that Binkerd directed McGinn to submit to a breath test, that McGinn submitted to the test, that McGinn requested a separate blood test, and that the separate blood test was not obtained.

The district court first determined the county court was correct in finding the State need not assist a motorist in obtaining a second test. However, the district court explained that the county court failed to answer the question of whether Binkerd refused to permit the additional test when such a refusal is prohibited by § 60-6,199. Noting that Binkerd instructed McGinn that any secondary test would have to be on the same DataMaster used for the officer-directed test, the district court found Binkerd had refused to permit the additional test requested by McGinn. Therefore, the district court found the original test and the results thereof were not competent

evidence and determined that the county court erred in admitting such evidence.

Having determined the breath test evidence was inadmissible and could not be the basis for McGinn's conviction, the district court considered whether the remaining evidence was sufficient to support the county court's guilty verdict. The district court noted Binkerd's testimony that McGinn had been speeding, McGinn appeared distracted and was having difficulty providing the vehicle registration, an odor of alcohol was emitting from McGinn's vehicle, McGinn admitted to drinking alcohol, and McGinn's results from the field sobriety tests indicated to Binkerd that McGinn was intoxicated. The court then concluded that the "evidence was sufficient for the court to find [McGinn] guilty of driving under the influence" and affirmed the county court's conviction.

## ASSIGNMENTS OF ERROR

McGinn assigns the district court erred in sustaining the county court's conviction after determining the breath test evidence was inadmissible.

## STANDARD OF REVIEW

[1-5] In an appeal of a criminal case from the county court, the district court acts as an intermediate court of appeals, and its review is limited to an examination of the record for error or abuse of discretion.[3] Both the district court and a higher appellate court generally review appeals from the county court for error appearing on the record.[4] When reviewing a judgment for errors appearing on the record, an appellate court's inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable.[5] But we independently review questions of law

---

[3] *State v. Thalken*, 299 Neb. 857, 911 N.W.2d 562 (2018).

[4] *Id.*

[5] *Id.*

in appeals from the county court.[6] When deciding appeals from criminal convictions in county court, we apply the same standards of review that we apply to decide appeals from criminal convictions in district court.[7]

[6] In reviewing a criminal conviction for a sufficiency of the evidence claim, whether the evidence is direct, circumstantial, or a combination thereof, the standard is the same: An appellate court does not resolve conflicts in the evidence, pass on the credibility of witnesses, or reweigh the evidence; such matters are for the finder of fact.[8]

## ANALYSIS

We first note the State's brief spends a substantial portion of its argument discussing the admissibility of the breath test evidence. However, the district court determined that the breath test was inadmissible due to a violation of § 60-6,199 and that the State has not cross-appealed and has not assigned as error that determination. At oral argument, the State contended that they did not need to appeal the district court's admissibility determination, because the district court ultimately affirmed McGinn's conviction on other grounds.

[7,8] Under Neb. Rev. Stat. § 25-2733(3) (Reissue 2016), the judgment of the district court vacates the judgment in the county court and thus only the district court's judgment is reviewable by this court. Our holding in *State v. Thalken*[9] articulated the State's right to appeal a decision of the district court sitting as an intermediate court of appeals. As a result, the State has not preserved the purported error committed by the district court. As we have previously stated, an appellate court does not consider errors which are argued but not assigned.[10]

---

[6] *Id.*

[7] *Id.*

[8] *State v. Mendez-Osorio*, 297 Neb. 520, 900 N.W.2d 776 (2017).

[9] *Thalken, supra* note 3.

[10] *State v. Jedlicka*, 297 Neb. 276, 900 N.W.2d 454 (2017).

[9] Additionally, we have held that an appellee's argument that a lower court's decision should be upheld on grounds specifically rejected below constitutes a request for affirmative relief, and the appellee must cross-appeal in order for that argument to be considered.[11] Thus, the sole issue on appeal is whether the district court erred in affirming the county court's conviction after determining the county court erred in admitting the breath test evidence.

We now turn to the remaining issue decided by the district court regarding the sufficiency of the evidence to sustain McGinn's conviction. The district court noted that under § 60-6,196, there are three ways to prove driving under the influence: namely, § 60-6,196(1)(a) while under the influence of alcoholic liquor or any drug; § 60-6,196(1)(b) when such person has a concentration of .08 of 1 gram or more by weight of alcohol per 100 milliliters of his or her blood; or § 60-6,196(1)(c) when such person has a concentration of .08 of 1 gram or more by weight of alcohol per 210 liters of his or her breath. The court went on to hold that because the breath test was inadmissible and there was no blood test completed, the only remaining basis to prove a violation was under § 60-6,196(1)(a).

The district court noted that Binkerd testified he stopped McGinn around 11:30 p.m. for speeding, there was an odor of alcohol coming from McGinn's vehicle, and McGinn admitted to drinking. Binkerd further testified that McGinn "was nervous, anxious, fast talking"; struggled to find his vehicle registration; repeated questions; and indicated intoxication during field sobriety testing. As a result, the district court found the evidence sufficient that a rational trier of fact could have determined McGinn had driven while under the influence of alcohol, in violation of § 60-6,196(1)(a).

[10] The district court is correct that a driving under the influence offense can generally be shown either by evidence

---

[11] See, e.g., *Pennfield Oil Co. v. Winstrom*, 272 Neb. 219, 720 N.W.2d 886 (2006).

of physical impairment and well-known indicia of intoxication or simply by excessive alcohol content shown through a chemical test.[12] However, in this matter, though the complaint charged McGinn with driving under the influence of alcohol, second offense, in violation of § 60-6,196, it did not state which subsection it was alleging. Further, the complaint alleges that McGinn

> operate[d] or ha[d] actual physical control of a motor vehicle while under the influence of alcoholic liquor when he/she had a concentration of .08 grams or more by weight of alcohol per 210 ml of his/her breath, but less than .150 grams by weight of alcohol per 210 ml of his/ her breath.

This allegation utilizes the language from § 60-6,196(1)(a) and (c). However, it fails to include the conjunction "or" to clarify both specific allegations are being alleged. The State conceded that the lack of such conjunction results in only a § 60-6,196(1)(c) allegation being made in the complaint. This issue was not raised by the State at trial or in McGinn's appeal either to the district court or to this court. It was first raised by the State during oral arguments and is properly before this court as part of our analysis as to the sufficiency of the remaining evidence.

Without considering the breath test evidence, the record is insufficient to support a determination that McGinn operated or had actual physical control of his vehicle while he had a concentration of .08 of 1 gram or more by weight of alcohol per 210 liters of his breath. The only other relevant evidence received on this issue was observational testimony which would have gone to a claim under § 60-6,196(1)(a). As discussed above, the charge against McGinn was under § 60-6,196(1)(c), and there was no other evidence on McGinn's breath alcohol content. Accordingly, the judgment of the district court was in error.

---

[12] See *State v. Casillas*, 279 Neb. 820, 782 N.W.2d 882 (2010).

[11,12] Upon finding reversible error in a criminal trial, an appellate court must determine whether the total evidence admitted by the district court, erroneously or not, was sufficient to sustain a guilty verdict.[13] If it was not, then double jeopardy forbids a remand for a new trial.[14] When reviewing a criminal conviction for sufficiency of the evidence to sustain the conviction, the relevant question for an appellate court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.[15]

In this matter, because insufficient evidence was offered to prove a violation of § 60-6,196 as charged, double jeopardy forbids a remand for a new trial. Therefore, in consideration of all of the above, we reverse the district court's decision affirming the county court's conviction and remand the cause to the district court with directions to remand the matter to the county court with directions to dismiss.

## CONCLUSION

The district court erred in affirming the county court's conviction of McGinn for driving under the influence, second offense. Specifically, the county court's consideration of the breath test evidence, which the district court found inadmissible, was not harmless error. Accordingly, we reverse the district court's decision affirming the county court's conviction and determine double jeopardy requires dismissal of this action.

REVERSED AND REMANDED WITH DIRECTIONS.

---

[13] *State v. Merchant*, 288 Neb. 440, 848 N.W.2d 630 (2014).

[14] *Id.*

[15] *Id.*