IN THE NEBRASKA COURT OF APPEALS

## MEMORANDUM OPINION AND JUDGMENT ON APPEAL
(Memorandum Web Opinion)

STATE V. MAGALLANES

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

JESUS J. MAGALLANES, APPELLANT.

Filed August 20, 2019.    No. A-18-934.

Appeal from the District Court for Blaine County: MARK D. KOZISEK, Judge. Affirmed.

Rodney W. Smith for appellant.

Douglas J. Peterson, Attorney General, and Matthew Lewis for appellee.

PIRTLE, ARTERBURN, and WELCH, Judges.

PIRTLE, Judge.

### INTRODUCTION

Jesus J. Magallanes appeals his plea-based conviction and sentence in the district court for Blaine County for assault in the second degree, a Class IIA felony. He claims that he did not get full credit for time served prior to sentencing and that his trial counsel was ineffective in this regard, as well as in failing to interview or depose witnesses who provided statements to police. Based on the reasons that follow, we affirm.

### BACKGROUND

Magallanes was originally charged by information with first degree assault against Miller Heller and Elizabeth Komach, a Class II Felony. An amended information was later filed charging Magallanes with second degree assault against Komach in violation of Neb. Rev. Stat. § 28-309 (Reissue 2016), a Class IIA Felony. Magallanes entered into a plea agreement with the State wherein he would plead no contest to second degree assault as set forth in the amended information

and the State would not file charges for use of a deadly weapon to commit a felony or being a habitual criminal.

A plea hearing was held where the court explained to Magallanes his constitutional and statutory rights, the charge against him, the possible penalties, and the effects of entering a no contest plea. The State then gave the following factual basis:

[O]n April 16th of 2017, in Blaine County, [Magallanes] and a friend came up from North Platte to the residence of Miller Heller, who resides in Blaine County, Nebraska.

They had some business with a couple of people that were living there at the time.

[Magallanes] knocked on Miller Heller's door. Miller Heller answered that door. [Magallanes] entered, hit him in the chest, knocked him over -- he's over 90 years old -- he fell over a chair and hit his head on the coffee table.

Elizabeth Komach observed this, ran to his aid, and [Magallanes] then grabbed a cane that's about three feet long and about three quarters of an inch round, smacked Elizabeth Komach on the head, causing her injury, bleeding, pain. She was taken to the hospital where they worked on her and stitched her back up to make her whole.

All of this occurred within Blaine County, state of Nebraska.

Following the State's factual basis, the court found that a factual basis existed to support Magallanes' plea of no contest. It further found beyond a reasonable doubt that Magallanes understood his rights, the nature of the charges, the possible penalties and the effect of his no contest plea, and that he was making his plea freely, voluntarily, knowingly, and intelligently. The court accepted Magallanes' plea and found him guilty of second degree assault.

On September 11, 2018, the court sentenced Magallanes to a term of imprisonment of not less than 16 years nor more than 20 years. He was given credit for 316 days served.

ASSIGNMENTS OF ERROR

Magallanes assigns that the trial court erred in imposing an excessive sentence and in failing to give him full credit for time served prior to sentencing. He also assigns that his trial counsel's performance was ineffective in failing to provide evidence to allow Magallanes to receive full credit for time served and in failing to provide Magallanes with sufficient advice to make an informed decision on trial strategy and a plea agreement by not conducting interviews or depositions of several witnesses.

STANDARD OF REVIEW

Whether a defendant is entitled to credit for time served and in what amount are questions of law, subject to appellate review independent of the lower court. *State v. Phillips*, 302 Neb. 686, 924 N.W.2d 699 (2019).

An ineffective assistance of counsel claim is raised on direct appeal when allegations of deficient performance are made with enough particularity for (1) an appellate court to make a determination of whether the claim can be decided upon the trial record and (2) a district court later reviewing a petition for postconviction relief to be able to recognize whether the claim was brought before the appellate court. *State v. Ash*, 293 Neb. 583, 878 N.W.2d 569 (2016).

- 2 -

Whether a claim of ineffective assistance of trial counsel may be determined on direct appeal is a question of law. *State v. Schwaderer*, 296 Neb. 932, 898 N.W.2d 318 (2017). In reviewing claims of ineffective assistance of counsel on direct appeal, an appellate court decides only questions of law: Are the undisputed facts contained within the record sufficient to conclusively determine whether counsel did or did not provide effective assistance and whether the defendant was or was not prejudiced by counsel's alleged deficient performance? *Id.*

ANALYSIS

*Credit for Time Served.*

Magallanes assigns that the trial court erred in imposing an excessive sentence and in failing to give him full credit for time served prior to sentencing. However, he does not argue that the term of imprisonment is excessive; he only argues that he is entitled to 17 additional days of credit for time served.

The first page of the presentence investigation states that Magallanes was entitled to 172 days' credit for time served. At the sentencing hearing, Magallanes' trial counsel informed the court that Magallanes was arrested in Colorado on October 31, 2017, and was entitled to 316 days' credit. The State agreed that Magallanes was in custody for 316 days prior to sentencing, and the court ultimately gave Magallanes credit for 316 days.

Magallanes argues that he was actually taken into custody for the current offense on October 13, 2017, rather than October 31, 2017. Magallanes relies on an arrest record found in the presentence investigation which shows that he was booked in Denver County, Colorado, on October 13. The presentence investigation also shows that Magallanes told Mid-Plains Center for Behavioral Healthcare Services that he was arrested for the current offense in Denver, Colorado, on October 13. Magallanes contends that the use of the October 31 date, rather than October 13, denied him 17 days of credit for time served and that therefore, he is serving a sentence in excess of that allowed by law.

The arrest record from Denver County, Colorado, on which Magallanes relies, does not state the offense for which he was arrested and booked. Further, Magallanes' criminal history in the presentence investigation indicates that on October 13, 2017, he committed a misdemeanor offense, possession of a controlled substance, in Denver, Colorado. He was sentenced to 6 months in jail as a result of the Colorado possession of a controlled substance offense.

Neb. Rev. Stat. § 83-1,106 (Reissue 2014) provides in part that an offender is to be given credit for time spent in custody as a result of a criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based. Under our statutes, an offender shall be given credit for time served as a result of the charges that led to the sentences; however, presentence credit is applied only once. *State v. Banes*, 268 Neb. 805, 688 N.W.2d 594 (2004).

The Nebraska Supreme Court has stated that "what matters in the credit for time served analysis is not whether [the defendant] was detained in Nebraska and awaiting trial and sentencing on Nebraska charges, but, rather, whether [the defendant] was forced to be in custody *because of those charges*." *State v. Leahy*, 301 Neb. 228, 235, 917 N.W.2d 895, 900-01 (2018) (emphasis in

original). Therefore, any time served for the Colorado offense could not be applied as credit to the sentence imposed by the trial court for Magallanes' second degree assault offense.

Based on the presentence investigation, any time Magallanes was in custody between October 13 and October 31, 2017, was as result of the misdemeanor charge in Colorado. The record does not support Magallanes' contention that he was taken into custody for the current offense on October 13 rather than October 31. Magallanes' trial counsel stated that Magallanes was arrested in Colorado for the present charge on October 31, and both parties agreed that Magallanes was entitled to 316 days' credit. The record supports this calculation. We determine that Magallanes was not entitled to an additional 17 days of credit for time served and that the trial court did not err in giving him credit for 316 days.

We note that the State suggests that Magallanes was actually given more days of credit than he was entitled to. It suggests his credit should be modified to reflect the original 172 days calculated in the presentence investigation. However, the State did not cross-appeal so we will not address its argument further.

*Ineffective Assistance of Counsel.*

Magallanes next assigns that his trial counsel provided ineffective assistance in regard to two matters. To prevail on a claim of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the defendant must show that counsel's performance was deficient and that this deficient performance actually prejudiced his or her defense. *State v. Ash*, 293 Neb. 583, 878 N.W.2d 569 (2016). The two prongs of this test may be addressed in either order, and the entire ineffectiveness analysis should be viewed with a strong presumption that counsel's actions were reasonable. *Id.*

Magallanes is represented on direct appeal by different counsel than the counsel who represented him at trial. When a defendant's trial counsel is different from his or her counsel on direct appeal, the defendant must raise on direct appeal any issue of trial counsel's ineffective performance which is known to the defendant or is apparent from the record. Otherwise, the issue will be procedurally barred. *Id.*

An ineffective assistance of counsel claim is raised on direct appeal when the claim alleges deficient performance with enough particularity for (1) an appellate court to make a determination of whether the claim can be decided upon the trial record and (2) a district court later reviewing a petition for postconviction relief to recognize whether the claim was brought before the appellate court. *Id.*

The fact that an ineffective assistance of counsel claim is raised on direct appeal does not necessarily mean that it can be resolved on direct appeal. *Id*. The determining factor is whether the record is sufficient to adequately review the question. *Id.* An ineffective assistance of counsel claim will not be resolved on direct appeal if it requires an evidentiary hearing. *Id.*

Magallanes first argues that his trial counsel was ineffective in failing to provide evidence to allow Magallanes to receive full credit for time served prior to sentencing. Having found no error in the credit given for time served, Magallanes cannot show that trial counsel's performance in this regard was deficient and therefore, cannot show that trial counsel was ineffective. As a

matter of law, counsel cannot be ineffective for failing to raise a meritless argument. *State v. Schwaderer*, 296 Neb. 932, 898 N.W.2d 318 (2017).

Magallanes next argues that his trial counsel was ineffective in failing to interview or take depositions of several witnesses who provided statements to the police about the incident that led to the second degree assault charge. This assignment of error primarily arises out of two statements submitted by one witness, Nancy Sipes. Magallanes contends that Sipes' second statement contradicted her first statement, as well as the statements by other witnesses. The second statement also provided a motive of the witnesses for making the allegations against Magallanes that they did. Magallanes argues that his trial counsel should have interviewed or deposed Sipes and other witnesses following Sipes' second, inconsistent statement. He contends that because the record does not show whether or not trial counsel conducted interviews or depositions, the record is insufficient to review this claim on direct appeal. We agree that the record is void of any indication as to whether trial counsel interviewed or deposed any witnesses. Accordingly, we conclude that the record is insufficient to address this ineffective assistance of counsel claim on direct appeal.

*Victim Impact Statement.*

Magallanes also argues in his appellate brief that the trial court erred in failing to strike and giving consideration to a victim impact statement contained in the presentence investigation. However, Magallanes did not assign the court's consideration of the victim impact statement as error. An appellate court does not consider errors which are argued but not assigned. *State v. McGinn*, 303 Neb. 224, 928 N.W.2d 391 (2019). Accordingly, we do not address the victim impact statement issue.

## CONCLUSION

We affirm Magallanes' conviction and sentence. In regard to his ineffective assistance of counsel claims, the record was sufficient to refute his claim of ineffectiveness in regard to credit for time served, but insufficient to resolve the claim related to interviewing and deposing witnesses.

AFFIRMED.