IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. MACIEL

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

BRIAN J. MACIEL, APPELLANT.

Filed February 4, 2020.    No. A-19-549.

Appeal from the District Court for Cedar County, PAUL J. VAUGHAN, Judge, on appeal thereto from the County Court for Cedar County, DOUGLAS L. LUEBE, Judge. Judgment of District Court affirmed in part, and in part reversed and remanded with directions.

Nikki M. Brandt for appellant.

Douglas J. Peterson, Attorney General, and Nathan A. Liss for appellee.

MOORE, Chief Judge, and PIRTLE and WELCH, Judges.

MOORE, Chief Judge.

## INTRODUCTION

Brian J. Maciel was convicted in the county court for Cedar County of third offense driving under the influence of alcohol and sentenced to 350 days in jail, a $1,000 fine, and a 15-year revocation of his license. The district court affirmed his conviction and sentence. On appeal, Maciel asserts that the county court's sentence was excessive. For the reasons that follow, we affirm in part and in part reverse and remand with directions.

## BACKGROUND

Following a traffic stop, Maciel was charged in county court with driving under the influence, fourth offense. As a part of a plea agreement, Maciel pled guilty to driving under the influence, third offense. He was sentenced to 350 days in jail, a $1,000 fine, and a 15-year license

revocation. The court ordered that Maciel "shall not drive during revocation" but did not check the boxes on the form sentencing order regarding impoundment of Maciel's motor vehicles or to allow Maciel to be issued an ignition interlock permit. Maciel appealed to the district court, assigning as error that the sentence imposed by the county court was excessive and amounted to an abuse of discretion. The district court affirmed the county court's judgment, finding that the sentence imposed was within the statutory limits and was not an abuse of discretion.

## ASSIGNMENT OF ERROR

Maciel assigns that the county court's sentence was excessive and constituted an abuse of discretion.

## STANDARD OF REVIEW

An appellate court will not disturb a sentence imposed within the statutory limits absent an abuse of discretion by the trial court. *State v. Steele*, 300 Neb. 617, 915 N.W.2d 560 (2018).

## ANALYSIS

Maciel was convicted of driving under the influence, third offense, a Class W misdemeanor. Third offense driving under the influence is punishable by a mandatory minimum of 90 days' imprisonment and a $1,000 fine and a maximum of 1 year's imprisonment and a $1,000 fine. Neb. Rev. Stat. § 28-106 (Reissue 2016). In addition, Neb. Rev. Stat. § 60-6,197.03 (Cum. Supp. 2018) requires that the court revoke a defendant's license for 15 years if the defendant has two prior convictions. Pursuant to Neb. Rev. Stat. § 60-6,197.01 (Cum. Supp. 2018), the court is also required to either order immobilization of all vehicles owned by the defendant for at least 5 days and not more than 8 months, or require the defendant to apply for an ignition interlock permit in order to operate a motor vehicle.

Maciel asserts that the county court's sentence was excessive and constituted an abuse of discretion when the court considered irrelevant information, gave excessive weight to his criminal history, and did not order either immobilization or an ignition interlock permit as required by statute, which unfairly deprived him of a substantial right and just result by causing him to be completely unable to drive for any reason for a period of 15 years.

The State asserts that Maciel's only assigned error--that the county court abused its discretion--is not reviewable. We agree. In *State v. McGinn*, 303 Neb. 224, 928 N.W.2d 391 (2019), *modified on denial of rehearing*, 303 Neb. 931, 932 N.W.2d 83, the Nebraska Supreme Court clarified that in an appeal from a county court to a district court, only the district court's judgment is reviewable by a higher appellate court. Thus, the Supreme Court in *McGinn* declined to address the State's argument regarding the propriety of the county court's judgment because "[u]nder Neb. Rev. Stat. § 25-2733(3) (Reissue 2016), the judgment of the district court vacates the judgment in the county court and thus only the district court's judgment is reviewable by this court." 303 Neb. at 231, 928 N.W.2d at 396.

Because Maciel did not assign error to the district court's judgment, we need not address his claim that the county court erred in its imposition of an excessive sentence. An alleged error must be both specifically assigned and specifically argued in the brief of the party asserting the

error to be considered by an appellate court. *State v. Hartzell*, 304 Neb. 82, 933 N.W.2d 441 (2019).

However, an appellate court always reserves the right to note plain error that was not complained of at trial or on appeal. *State v. Torres*, 300 Neb. 694, 915 N.W.2d 596 (2018). A sentence that is contrary to the court's statutory authority is an appropriate matter for plain error review. *State v. Kantaras*, 294 Neb. 960, 885 N.W.2d 558 (2016). As noted above, § 60-6,197.01 requires the sentencing court to either order immobilization of all vehicles owned by the defendant for at least 5 days and not more than 8 months, or require the defendant to apply for an ignition interlock permit in order to operate a motor vehicle. Because the county court did not comply with this statutory requirement, we must reverse the order of the district court with instructions to remand the cause to the county court to include in its sentence an order as required by this section.

The sentence of the county court is affirmed in all other respects.

CONCLUSION

We reverse the order of the district court with directions to remand the cause to the county court for inclusion in the sentencing order a provision in compliance with § 60-6,197.01. The judgment of the district court, affirming the judgment of the county court, is affirmed in all other respects.

AFFIRMED IN PART, AND IN PART REVERSED
AND REMANDED WITH DIRECTIONS.