IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. URBINA

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

JOSE URBINA, SR., APPELLANT.

Filed March 24, 2020.    No. A-19-359.

Appeal from the District Court for Scotts Bluff County, LEO P. DOBROVOLNY, Judge, on appeal thereto from the County Court for Scotts Bluff County, KRIS D. MICKEY, Judge. Judgment of District Court affirmed.

Bell Island, of Island Law Office, P.C., L.L.O., for appellant.

Douglas J. Peterson, Attorney General, and Austin N. Relph for appellee.

MOORE, CHIEF JUDGE, AND RIEDMANN AND WELCH, JUDGES.

MOORE, Chief Judge.

INTRODUCTION

Jose Urbina, Sr., appeals from a decision of the District Court for Scotts Bluff County, affirming his conviction for driving under the influence (DUI) by the Scotts Bluff County Court. Urbina challenges the district court's finding that the admission of his driving abstract into evidence, which included a prior DUI conviction, was harmless error. For the reasons set forth below, we affirm.

BACKGROUND

On April 7, 2018, between 9:30 and 10:00 p.m., Trooper Joshua Dillinger observed a truck driving without headlights or taillights while patrolling the city of Scottsbluff. While observing the truck, Dillinger noticed the truck stop at a green left-turn light for approximately 5 seconds

before making a turn that was "uneasy, more like a jerky with the gas pedals, a lot of up and down in speeds" and "[t]he front end of the vehicle was lifting, which indicated that it wasn't a smooth corner." Dillinger then initiated a traffic stop.

Dillinger made contact with Urbina, the driver and sole occupant of the truck. Urbina had bloodshot, watery eyes and Dillinger noticed the smell of alcohol. Urbina told Dillinger that he had one beer to drink and that he was either coming from a wedding or going to a reception.

Dillinger asked Urbina to get out of the truck and come to Dillinger's patrol vehicle, so that Dillinger could determine whether the odor of alcohol was coming from Urbina's person or the truck. While exiting the vehicle, Urbina forgot to put the truck in park and it started moving forward. Once Urbina put the truck in park and went to the patrol vehicle, Dillinger was able to determine that the smell of alcohol was coming from Urbina's person. Urbina then told Dillinger that he had actually had two beers to drink. Dillinger drove Urbina across the street to a parking lot to do field sobriety tests. Dillinger conducted the Horizontal Gaze Nystagmus test and the 9-Step Walk-and-Turn test, both of which showed Urbina was impaired.

Dillinger opined that Urbina was impaired and not safe to drive, based on Urbina's performance on the field sobriety tests, the odor of alcohol, Urbina's bloodshot, watery eyes, and Urbina's admission that he had been drinking. Urbina was arrested and transported to the jail. At the jail, Dillinger asked Urbina to do an evidentiary breath test. Dillinger provided the required advisements in English, but Urbina refused to do the test, stating he did not understand the advisements and needed someone to translate the advisements to Spanish. Dillinger opined that Urbina did understand what he was being asked to do for the breath test.

Urbina was charged with driving under the influence, first offense, under Neb. Rev. Stat. § 60-6,196, and refusal to submit to a chemical test, first offense, under Neb. Rev. Stat. § 60-6,197, both Class W misdemeanors. A jury trial was held, at which Dillinger and the intake officer at the jail both testified to the details above. The State offered videos of the traffic stop and field sobriety tests. The State also offered Urbina's driving abstract to refute Urbina's defense that he did not understand English well enough to refuse the breath test. The abstract showed that Urbina had a commercial driver's license, the test for which is only offered in English. Included on the abstract was a prior DUI conviction from 2000. Urbina objected to the offer, which objection was overruled and the abstract was received into evidence.

The jury returned a verdict of not guilty to refusal to submit to a chemical test and guilty to driving under the influence. Urbina was sentenced to probation and his license was revoked for 60 days.

Urbina appealed to the district court. The district court found the admission of the driving abstract was improper, but that it was harmless error. Therefore, the district court affirmed the judgment of the county court.

Urbina appeals.

## ASSIGNMENT OF ERROR

Urbina assigns that the district court erred in finding the admission of his driving abstract showing a prior DUI conviction was a harmless error.

STANDARD OF REVIEW

In an appeal of a criminal case from the county court, the district court acts as an intermediate court of appeals, and its review is limited to an examination of the record for error or abuse of discretion. *State v. McGinn*, 303 Neb. 224, 928 N.W.2d 391 (2019). Both the district court and a higher appellate court generally review appeals from the county court for error appearing on the record. *Id*. When reviewing a judgment for errors appearing on the record, an appellate court's inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable. *Id*. But we independently review questions of law in appeals from the county court. *Id*. When deciding appeals from criminal convictions in county court, we apply the same standards of review that we apply to decide appeals from criminal convictions in district court. *Id*.

ANALYSIS

Urbina argues that the admission of the driving abstract, which included reference to a prior DUI conviction, was prejudicial error of other bad acts in violation of Neb. Rev. Stat. § 27-404(2). This statute provides:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he or she acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

In a jury trial of a criminal case, an erroneous evidentiary ruling results in prejudice to a defendant unless the State demonstrates that the error was harmless beyond a reasonable doubt. *State v. Mora*, 298 Neb. 185, 903 N.W.2d 244 (2017).

Harmless error jurisprudence recognizes that not all trial errors, even those of constitutional magnitude, entitle a criminal defendant to the reversal of an adverse trial result. *State v. Kidder*, 299 Neb. 232, 908 N.W.2d 1 (2018). It is only prejudicial error, that is, error which cannot be said to be harmless beyond a reasonable doubt, which requires that a conviction be set aside. *Id*. When determining whether an alleged error is so prejudicial as to justify reversal, courts generally consider whether the error, in light of the totality of the record, influenced the outcome of the case. *Id*. In other words, harmless error review looks to the basis on which the jury actually rested its verdict. *Id*. The inquiry is not whether in a trial that occurred without the error, a guilty verdict would surely have been rendered, but whether the actual guilty verdict rendered was surely unattributable to the error. *Id*. In conducting this analysis, an appellate court looks to the entire record and views the erroneously admitted evidence relative to the rest of the untainted, relevant evidence of guilt. *Id*.

Reviewing the rest of the untainted, relevant evidence in this case, it is clear that any error in admitting Urbina's driver's abstract was harmless. There was substantial evidence to support Urbina's conviction for driving under the influence without consideration of the reference to a prior DUI in the abstract. Specifically, Dillinger observed Urbina to be driving in an erratic manner with no headlights, Urbina had bloodshot, watery eyes, he smelled of alcohol, and he admitted that he had been drinking. Further, Urbina showed impairment on two field sobriety tests.

Finally, Urbina's prior conviction for DUI was never mentioned at trial, as the driving abstract was offered only to show that Urbina had a commercial driver's license, and therefore could understand English. Thus, the State did not present the driving abstract as propensity evidence. And, the prior DUI conviction was over 17 years old.

We conclude that the guilty verdict rendered was surely unattributable to any error in admitting Urbina's driving abstract containing the prior conviction for DUI. Therefore, the district court did not err in finding the erroneous admission harmless and affirming the county court's judgment.

## CONCLUSION

For the reasons set forth above, the district court did not err in finding that the admission of Urbina's driving abstract was harmless error. Urbina's conviction and sentence are affirmed.

AFFIRMED.