IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. MEINTS

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

DANIEL A. MEINTS, APPELLANT.

Filed April 21, 2020.    No. A-19-814.

Appeal from the District Court for Lancaster County, LORI A. MARET, Judge, on appeal thereto from the County Court for Lancaster County, THOMAS E. ZIMMERMAN, Judge. Judgment of District Court affirmed.

Terry K. Barber, of Barber & Barber, P.C., L.L.O., for appellant.

Douglas J. Peterson, Attorney General, and Matthew Lewis for appellee.

MOORE, Chief Judge, and RIEDMANN and ARTERBURN, Judges.

MOORE, Chief Judge.

INTRODUCTION

Daniel A. Meints appeals from an order of the District Court of Lancaster County, affirming the judgment of the Lancaster County Court finding Meints guilty of careless driving and denying his motion for a new trial. For the following reasons, we affirm.

BACKGROUND

On August 10, 2017, Nebraska State Trooper Bryce Lingren cited Meints with Failure to Yield -- Entering Roadway, a traffic offense under Neb. Rev. Stat. § 60-6,146 (Reissue 2010). Meints filed a motion to quash and a Plea in Abatement. Thereafter, the State was granted leave to amend the complaint to Careless Driving, a traffic infraction under Neb. Rev. Stat. § 60-6,212 (Reissue 2010). Meints' previous motions were therefore rendered moot.

- 1 -

A bench trial was held on July 31, 2018. Trooper Lingren testified that he first saw Meints' motorcycle at the intersection of South 68th Street and Saltillo Road, southeast of Lincoln. The intersection is shaped like a "T", with 68th Street approaching Saltillo Road from the south and ending at the intersection. There are two northbound lanes on 68th Street at the intersection, with one turning east onto Saltillo Road and the other turning west. There is a stop sign on 68th Street and no traffic control devices on Saltillo Road. At the time, Lingren testified that he was in the left-turn lane and Meints was in the right-turn lane.

According to Lingren's testimony, Meints first began to turn right onto Saltillo Road toward the east when his motorcycle stalled. After restarting the motorcycle, Meints began to move forward in the right turn lane onto Saltillo Road "at a very slow rate and did not accelerate." At the same time Meints was turning onto Saltillo Road, a gravel truck was traveling on Saltillo Road from the west approaching the intersection. Lingren testified that the gravel truck had to abruptly slam on its brakes to avoid hitting Meints, which left 10-foot-long skid marks at the 68th Street intersection and ending at the 70th Street intersection to the east. Lingren testified that he could hear the brakes screeching, as well as the sound of an air horn. The gravel truck was able to pull into the opposite lane to avoid hitting Meints, before Meints drove back around the gravel truck and turned onto south 70th Street. Lingren opined that at the time, the gravel truck was abiding by the posted speed limit, which was 55 m.p.h. Lingren also opined that the gravel truck was too close to the intersection for Meints to be able to safely turn onto Saltillo Road. Lingren estimated that if the gravel truck had not fully applied the brakes, the truck would have hit and likely killed Meints. Lingren had dash cameras in his patrol car that day, and submitted a copy of the video from that day. The video shows the gravel truck drive by on Saltillo Road, Lingren turning onto Saltillo Road, and the skid marks made by the gravel truck as it approached Meints on Saltillo Road.

Meints testified on his own behalf. Meints testified that he is familiar with the intersection of 68th Street and Saltillo Road as he drives in this area at least once each week. Meints testified that he was not aware that the intersection was dangerous until he read a Lincoln Journal Star article about it. Meints testified that on the day of the accident, he safely pulled out in front of the gravel truck, and that he had sufficient time and space considering the quick acceleration capabilities of his motorcycle. Meints further testified that he did not hear any brake squeals from the gravel truck, but that he did hear the gravel truck honk after passing him on the right as Meints turned onto 70th Street.

On August 31, 2018, the county court found Meints guilty of careless driving. Meints filed an Amended Motion for a New Trial, alleging that there was newly discovered evidence which referred to an engineering study that determined that south 68th Street was dangerous and in need of improvements to enhance safety. The court denied this motion, finding the new evidence immaterial. Meints then appealed to the district court.

On July 23, 2019, the district court affirmed the judgment of the county court. Specifically, the district court found that the county court had sufficient evidence to support Meints' conviction based on Lingren's testimony, and that the county court did not err in denying the motion for a new trial despite the engineering study because Meints admitted at trial that he was familiar with the road and knew the dangers.

Meints now appeals the order of the district court.

ASSIGNMENTS OF ERROR

Although Meints assigns seven separate assignments of error, he only addresses two assigned errors in his argument section; that the evidence was not sufficient to sustain the conviction, and the county court erred in denying his motion for a new trial. To be considered by an appellate court, an appellant must both assign and specifically argue an alleged error. *State v. Smith*, 292 Neb. 434, 459, 873 N.W.2d 169 (2016). Therefore, we will only address the sufficiency of the evidence and the motion for new trial.

STANDARD OF REVIEW

In an appeal of a criminal case from the county court, the district court acts as an intermediate court of appeals, and its review is limited to an examination of the record for error or abuse of discretion. *State v. McGinn,* 303 Neb. 224, 928 N.W.2d 391 (2019). Both the district court and a higher appellate court generally review appeals from the county court for error appearing on the record. *Id*. When reviewing a judgment for errors appearing on the record, an appellate court's inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable. *Id*. But we independently review questions of law in appeals from the county court. *Id*. When deciding appeals from criminal convictions in county court, we apply the same standards of review that we apply to decide appeals from criminal convictions in district court. *Id*. In reviewing a criminal conviction for a sufficiency of the evidence claim, whether the evidence is direct, circumstantial, or a combination thereof, the standard is the same: An appellate court does not resolve conflicts in the evidence, pass on the credibility of witnesses, or reweigh the evidence; such matters are for the finder of fact. *Id*.

The standard of review for the denial of a motion for new trial is whether the trial court abused its discretion in denying the motion. *State v. Krannawitter*, 305 Neb. 66, 939 N.W.2d 335 (2020).

ANALYSIS

*Sufficiency of Evidence.*

Meints argues that the evidence was insufficient to support his conviction for careless driving. Under § 60-6,212 "[a]ny person who drives any motor vehicle in this state carelessly or without due caution so as to endanger a person or property shall be guilty of careless driving."

In reviewing a criminal conviction for a sufficiency of the evidence claim, whether the evidence is direct, circumstantial, or a combination thereof, the standard is the same: An appellate court does not resolve conflicts in the evidence, pass on the credibility of witnesses, or reweigh the evidence; such matters are for the finder of fact. *State v. Garcia*, 302 Neb. 406, 923 N.W.2d 725 (2019). The relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *State v. Savage*, 301 Neb. 873, 920 N.W.2d 692 (2018). Only where evidence lacks sufficient probative force as a matter of law may an appellate court set aside a guilty verdict as unsupported by evidence beyond a reasonable doubt. *Id*.

Meints argues that the video is the only objective evidence presented at trial, as Meints' testimony differed from Lingren's with respect to whether Meints could safely turn onto Saltillo Road. He asserts that the video evidence makes it clear that he did not drive carelessly, claiming that the gravel truck was either speeding or increased its speed while approaching the intersection. However, the video does not actually show Meints turning onto Saltillo Road, but it does show the gravel truck travelling past, as well as the skid marks made by the truck as it approached Meints from behind. Therefore, the video aligns with Lingren's testimony regarding the skid marks that resulted from the gravel truck suddenly braking. Contrary to Meints' assertion, Lingren testified that he visually estimated the gravel truck was operating at the posted speed limit and he did not witness any acceleration in speed by the truck. Further, although Meints and Lingren's testimony differed, the county court, as the trier of fact, was entitled to determine the credibility of the witnesses, and the district court, as well as this court, does not reweigh the evidence or resolve credibility questions. See *State v. Garcia, supra*.

We find that the district court did not err in finding that the county court had sufficient evidence to find that Meints was guilty of careless driving as the record shows that Meints could not safely turn at the intersection in question and that he acted without due caution which endangered himself, the driver of the gravel truck, or either vehicle.

*Motion for New Trial.*

Meints also argues that the district court abused its discretion in denying his motion for a new trial. Neb. Rev. Stat. § 29-2101 (Reissue 2016) states:

> A new trial, after a verdict of conviction, may be granted, on the application of the defendant, for any of the following grounds affecting materially his or her substantial rights . . . (5) newly discovered evidence material for the defendant which he or she could not with reasonable diligence have discovered and produced at trial[.]

A criminal defendant who seeks a new trial because of newly discovered evidence must show that if the evidence had been admitted at the former trial, it would probably have produced a substantially different result. *State v. Oldson*, 293 Neb. 718, 884 N.W.2d 10 (2016). Evidence tendered in support of a motion for new trial on the ground of newly discovered evidence must be so potent that, by strengthening evidence already offered, a new trial would probably result in a different verdict. *Id*.

Attached to his motion for a new trial, Meints included an engineering study from August 2018, showing that the intersection in question was dangerous. However, at trial, Meints acknowledged his familiarity with the intersection and Lingren agreed that it was a dangerous intersection. The record supported a conclusion that the intersection, at the time of the accident, required higher levels of caution, which actually strengthened the State's position that Meints drove carelessly. Further, the study prepared after the accident does not change the facts that existed at the time of the accident; that Meints turned onto Saltillo Road as a gravel truck was approaching at the lawful speed and that Meints failed to exercise due caution in doing so despite being familiar with the intersection.

Meints failed to show that the introduction of the study would have produced a substantially different result, which is required for a new trial under *State v. Oldson, supra*. Accordingly, the district court did not err in finding that the county court did not abuse its discretion in denying the motion for new trial.

CONCLUSION

The district court did not err in affirming the judgment of the county court, finding that the evidence was sufficient to convict Meints of careless driving. The district court did not err in finding no abuse of discretion by the county court in denying Meints' motion for a new trial. For the foregoing reasons, we affirm.

AFFIRMED.