IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. WHITE

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

KENNETH L. WHITE, APPELLANT.

Filed June 9, 2020.    No. A-19-1061.

Appeal from the District Court for Valley County, KARIN L. NOAKES, Judge, on appeal thereto from the County Court for Valley County, KALE B. BURDICK, Judge. Judgment of District Court affirmed.

Martin V. Klein, of Doerr & Klein, P.C., for appellant.

Douglas J. Peterson, Attorney General, and Stacy M. Foust for appellee.

MOORE, Chief Judge, and RIEDMANN and ARTERBURN, Judges.

MOORE, Chief Judge.

INTRODUCTION

The appellant, Kenneth L. White, appeals from the decision of the district court of Valley County, sitting as an intermediate appellate court, affirming an order of the county court denying his motion for discharge on speedy trial grounds. For the reasons that follow, we affirm.

FACTUAL BACKGROUND

On May 7, 2018, White was charged with attempted possession of a controlled substance, a Class I misdemeanor. White was arraigned on May 23, and a pretrial conference was scheduled for July 25. On July 20, White filed a motion for continuance, which the court granted on July 25 and continued the pretrial conference to August 22. On August 10, White filed a motion to suppress, which the court denied on September 11. On August 22, White orally moved to continue

the pretrial hearing to October 24. On October 24, White filed another motion for continuance, and the pretrial hearing was continued to November 14.

On November 6, 2018, the county court clerk magistrate emailed the parties' counsel regarding the possible need to reschedule the pretrial hearing due to an upcoming change of presiding judge in the county set to occur on December 31. The judges in the district decided that it would be best for the new presiding judge, Judge Burdick, to conduct the remaining hearings in the case. The clerk notified counsel that the November 14 pretrial conference would need to be moved unless it could be done telephonically. The clerk also informed the parties that Judge Burdick would be available to attend hearings in Valley County on November 19, 27, or 30.

On November 9, 2018, White's attorney emailed in response that he had independently contacted Judge Burdick, who offered to hold the pretrial conference in O'Neill (Holt County) or telephonically. White's attorney offered to attend the hearing on November 20 or December 4, as he would already be in O'Neill on those days. The deputy county attorney agreed to hold the conference on either date. On November 13, White's attorney responded by email that counsel for White's codefendant was also available on December 4, so the pretrial conference would be held that day. On November 30, the county court entered an order to continue the November 14 pretrial hearing to December 4, to be held in Holt County, with all parties appearing telephonically. At no time did White's attorney object to the continuance of the pretrial conference or request that the pretrial conference remain on November 14 and be held telephonically. The pretrial conference was held on December 4, and trial was set for February 28, 2019.

On February 27, 2019, White filed a waiver of jury trial and requested a bench trial. On February 28, White filed a motion for discharge on statutory and constitutional speedy trial grounds, claiming that the State failed to bring him to trial in a timely manner. The county court held an evidentiary hearing on this motion on March 18.

*County Court Order.*

The county court denied White's motion for discharge. The county court determined that 112 days were excludable as a result of White's requested continuances and motions, which the parties do not dispute. The court also found that White consented to the November 30, 2018, continuance of the pretrial conference by failing to object, thus extending the last day to bring White to trial to Monday, March 4, 2019. Further, the county court found that the time period between November 15, 2018, and November 30 (the date the order continuing the pretrial was entered), was excludable for good cause under Neb. Rev. Stat. § 29-1207(4)(f) (Reissue 2016) due to the change of presiding judges in the county. After adding these additional 16 days, the county court determined that the State had until March 19, 2019, to bring White to trial, and thus the February 28 trial was timely scheduled. The county court also addressed White's allegation that his constitutional right to a speedy trial was violated, however, because White did not assign error to this finding, we need not address it further.

*District Court Order.*

White appealed the county court order to the district court. The district court reviewed White's appeal under plain error because White failed to file a statement of errors. Under plain

error review, the district court could not find any error in the county court's analysis that White's failure to object constituted consent to continue the November 14, 2018, pretrial conference. Thus, the district court affirmed the decision of the county court, finding that the final date the State had to bring White to trial was March 4, 2019.

White now appeals the district court order affirming the decision of the county court.

## ASSIGNMENTS OF ERROR

Restated and combined, White assigns that the county court erred when it (1) excluded the period of time between November 15, 2018, and November 30 for good cause due to the change of presiding judges in the county; and (2) excluded the time period between November 30 and December 4, finding that White agreed to the continuance by failing to object. White also assigns that the district court erred in failing to find as plain error the county court's determination that the period of time from November 30 to December 4 should be excluded.

## STANDARD OF REVIEW

In cases where no statement of error was filed and the district court reviewed for plain error, the higher appellate court likewise reviews for plain error only. See, *Houser v American Paving Asphalt*, 299 Neb 1, 907 N.W.2d 16 (2018); *State v. Harper*, 19 Neb. App. 93, 800 N.W.2d 683 (2011).

Generally, a trial court's determination as to whether charges should be dismissed on speedy trial grounds is a factual question which will be affirmed on appeal unless clearly erroneous. *State v. Lovvorn*, 303 Neb. 844, 932 N.W.2d 64 (2019).

## ANALYSIS

Although White assigns specific errors as set forth above, the State claims that *State v McGinn*, 303 Neb. 224, 928 N.W.2d 391 (2019), *modified on denial of rehearing*, 303 Neb. 931, 932 N.W.2d 83, precludes us from reviewing any error asserted as to the county court. Regardless of White's assigned errors, because he failed to file a statement of errors in the district court, our review is limited to plain error. Due to his failure to file a statement of errors, the district court reviewed only the county court's decision to exclude the 4 days between November 30, 2018, and December 4 for plain error and found none. We therefore limit our review to whether the exclusion of these four days constitutes plain error.

Plain error exists where there is an error, plainly evident from the record but not complained of at trial, which prejudicially affects a substantial right of a litigant and is of such a nature that to leave it uncorrected would cause a miscarriage of justice or result in damage to the integrity, reputation, and fairness of the judicial process. *Houser v. American Paving Asphalt*, 299 Neb. 1, 907 N.W.2d 16 (2018).

Under § 29-1207, "[e]very person indicted or informed against for any offense shall be brought to trial within six months, and such time shall be computed as provided in this section." Although this section expressly refers to indictments and informations, it also applies to prosecutions on complaint filed in the county court. See *State v. Lebeau*, 280 Neb. 238, 784 N.W.2d 921 (2010). To calculate the 6-month clock, a court must exclude the day the information

was filed, count forward 6 months, back up 1 day, and then add any time excluded under § 29-1207(4). *State v. Bridgeford*, 298 Neb. 156, 903 N.W.2d 22 (2017). Excludable periods attributable to pretrial motions such as motions to suppress, motions to quash, demurrers, pleas in abatement, and motions for change of venue begin on the date of filing and end on the date of final disposition of the motions. *Id*. Continuances of pretrial conferences are excludable from the original date of the pretrial conference to the newly scheduled pretrial conference date. *Id*. Section 29-1207(4)(b) lists periods of delay excludable for trial, including "[t]he period of delay resulting from a continuance granted at the request or with the consent of the defendant or his counsel." Further, we have stated that docket congestion can be a "good cause" for delay in speedy trial calculations. *State v. Sommer*, 273 Neb. 587, 589, 731 N.W.2d 566, 568 (2007).

Under Neb. Rev. Stat. § 29-1208, "[i]f a defendant is not brought to trial before the running of the time for trial as provided for in section 29-1207, as extended by excluded periods, he or she shall be entitled to his or her absolute discharge from the offense charged and for any other offense required by law to be joined with that offense." The burden of proof is upon the State to show that one or more of the excluded time periods under § 29-1207(4) are applicable when the defendant is not tried within 6 months. *State v. Williams*, 277 Neb. 133, 761 N.W.2d 514 (2009). To overcome a defendant's motion for discharge on speedy trial grounds, the State must prove the existence of an excludable period by a preponderance of the evidence. *Id.*

In this case, the complaint was originally filed on May 7, 2018. If there were not any excludable periods, the State would have had until November 7 to bring White to trial. The parties do not dispute that there were 112 days of excludable time due to motions and continuances granted at White's request. These motions and continuances extended the time to bring White to trial until February 27, 2019.

The county court found that an additional excludable period of time existed from the day after November 30, 2018, when it entered an order continuing the pretrial conference, to December 4, the date of the pretrial conference. Adding the 4 additional days, the county court found that the State had until Monday, March 4, 2019, to bring White to trial. The district found no plain error in this determination. The district court determined that, although the county judge did continue the pretrial hearing on his own motion, White consented to the continuance because he did not object to the continuance and because he requested the pretrial hearing be held on December 4, 2018. We agree.

In *State v. Craig*, 15 Neb. App. 836, 739 N.W.2d 206 (2007), we addressed the question of whether a defendant's actions amounted to a request for, or consent to, a continuance under § 29-1207(4)(b). There, a docket call was continued by the court following its appointment of a public defender for the defendant. Although the defendant did not object to the rescheduled date, there was no discussion of a possible continuance until the court suddenly announced the rescheduled docket call date. In *Craig*, we recognized that while application of § 29-1207(4)(b) is not limited to an express request for continuance initiated solely by the defendant or his or her counsel, "there must be more involvement by the defendant in the discussion of a continuance than was present in the case before us." 15 Neb. App. at 844, 739 N.W.2d at 214. We found nothing in the record that could be read as an implied request for a continuance by the defendant prior to the court's announcement. In contrast, in *In re Interest of Shaquille H.*, 20 Neb. App. 141, 819 N.W.2d

741(2012), we found that the juvenile's attorney's involvement in having an adjudication hearing reset amounted to a continuance granted with the juvenile's consent.

In this case, in contrast with the facts in *Craig* and similar to the facts in *In re Interest of Shaquille H.*, there is clearly involvement by White's counsel in the discussion of the continuance of the November 14, 2018, pretrial conference. Here, the clerk magistrate initiated a discussion of the possible continuance of the pretrial conference, giving the parties the option of conducting the November 14 pretrial hearing telephonically, or rescheduling it for when the incoming presiding judge was to be in the county. Further discussion via email occurred thereafter between the deputy county attorney, White's counsel, and the clerk. White's counsel did not pursue the initial suggestion that the pretrial conference remain on November 14 by telephone, did not object to continuing the pretrial conference, and suggested the pretrial occur on December 4. As such, the district court did not plainly err in concluding that White consented to the continuance under § 29-1207(4)(b).

The calculation of excludable time for a continuance begins the day after the continuance is granted and includes the day on which the continuance ends. *State v. Lovvorn*, 303 Neb. 844, 932 N.W.2d 64 (2019). The order granting the continuance was not entered until November 30, 2018, and the continuance ended on December 4. Accordingly, the county court correctly excluded the 4 days between November 30 and December 4. Adding 4 days to February 27, 2019, the time was extended until March 3, which was a Sunday, so the State had until Monday, March 4, to bring White to trial. White's motion for discharge filed on February 28 was premature.

Because our analysis is limited to a plain error review given White's failure to file a statement of errors, we do not address his argument that the county court erred in excluding the period of time from November 15, 2018, to November 30 for good cause.

A motion to discharge on speedy trial grounds is a request for a "continuance," within the meaning of the speedy trial statute providing that a defendant permanently waives the right if he requests a continuance resulting in a trial date beyond the 6-month speedy trial period, because it requires the court to dispose of the motion before trial can be commenced. *State v. Mortensen*, 287 Neb. 158, 841 N.W.2d 393 (2014). Thus, White has waived his right to a speedy trial.

CONCLUSION

For the reasons mentioned above, we affirm the decision of the district court finding no plain error in the county court's denial of White's motion for discharge.

AFFIRMED.