Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
07/07/2020 09:07 AM CDT

State of Nebraska, appellee, v.
Kristie J. Keenan, appellant.

___ N.W.2d ___

Filed June 30, 2020.    No. A-19-806.

1. **Sentences: Appeal and Error.** An appellate court will not disturb a sentence imposed within the statutory limits absent an abuse of discretion by the trial court.
2. **Judges: Words and Phrases.** A judicial abuse of discretion exists when the reasons or rulings of a trial judge are clearly untenable, unfairly depriving a litigant of a substantial right and denying just results in matters submitted for disposition.
3. **Criminal Law: Courts: Appeal and Error.** In an appeal of a criminal case from the county court, the district court acts as an intermediate court of appeals, and its review is limited to an examination of the record for error or abuse of discretion.
4. **Courts: Appeal and Error.** Both the district court and a higher appellate court generally review appeals from the county court for error appearing on the record.
5. **Judgments: Appeal and Error.** When reviewing a judgment for errors appearing on the record, an appellate court's inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable.
6. **Sentences.** When imposing a sentence, the sentencing court is to consider the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense, and (8) the amount of violence involved in the commission of the crime. The sentencing court is not limited to any mathematically applied set of factors.
7. ____. The appropriateness of a sentence is necessarily a subjective judgment and includes the sentencing judge's observation of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life.

Appeal from the District Court for Cheyenne County, Derek C. Weimer, Judge, on appeal thereto from the County Court for Cheyenne County, Randin R. Roland, Judge. Judgment of District Court affirmed.

Stacy C. Bach, of Nossaman Petitt Law Firm, P.C., for appellant.

Douglas J. Peterson, Attorney General, and Nathan A. Liss for appellee.

Pirtle, Riedmann, and Welch, Judges.

Pirtle, Judge.

## INTRODUCTION

Based on a plea agreement, Kristie J. Keenan pled no contest to contributing to the delinquency of a minor and was sentenced by the Cheyenne County Court to 6 months in jail. The district court affirmed her sentence. On appeal, Keenan argues that the county court's sentence was excessive. Based on the reasons that follow, we affirm the district court's order, affirming the county court's sentence.

## BACKGROUND

Keenan was charged in county court with two offenses: contributing to the delinquency of a minor and procuring/selling alcohol to a minor, both Class I misdemeanors. Pursuant to a plea agreement, Keenan pled no contest to the contributing to the delinquency of a minor charge and the other charge was dismissed. The county court sentenced her to 6 months in jail.

Keenan appealed to the district court, arguing that the county court abused its discretion in sentencing her to 6 months in jail. The district court affirmed the county court's judgment, finding that the sentence imposed was within the statutory limits and was not an abuse of discretion.

## ASSIGNMENT OF ERROR

Keenan assigns that "[t]he sentence imposed upon [her], although within the statutory limits, is nevertheless excessive and constituted an abuse of discretion by the Trial Court."

## STANDARD OF REVIEW

[1,2] An appellate court will not disturb a sentence imposed within the statutory limits absent an abuse of discretion by the trial court. *State v. Manjikian*, 303 Neb. 100, 927 N.W.2d 48 (2019). A judicial abuse of discretion exists when the reasons or rulings of a trial judge are clearly untenable, unfairly depriving a litigant of a substantial right and denying just results in matters submitted for disposition. *Id.*

[3-5] In an appeal of a criminal case from the county court, the district court acts as an intermediate court of appeals, and its review is limited to an examination of the record for error or abuse of discretion. *State v. Becker*, 304 Neb. 693, 936 N.W.2d 505 (2019). Both the district court and a higher appellate court generally review appeals from the county court for error appearing on the record. *Id.* When reviewing a judgment for errors appearing on the record, an appellate court's inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable. *Id.*

## ANALYSIS

Keenan assigns that her sentence was excessive and an abuse of discretion. Relying on *State v. McGinn*, 303 Neb. 224, 928 N.W.2d 391 (2019), *modified on denial of rehearing* 303 Neb. 931, 932 N.W.2d 83, the State asserts that Keenan's assigned error—that the trial court, i.e., the county court, abused its discretion—is not reviewable. Its position is based on the Supreme Court's statement that "[u]nder Neb. Rev. Stat. § 25-2733(3) (Reissue 2016), the judgment of the district court vacates the judgment in the county court and thus only the district court's judgment is reviewable by this court."

*State v. McGinn*, 303 Neb. at 231, 928 N.W.2d at 396. We disagree that review of Keenan's assigned error is precluded under this principle.

In *McGinn*, the county court found breath test results admissible and convicted the defendant of driving under the influence, second offense. On appeal to the district court, that court found that the breath test results were inadmissible. However, it affirmed the conviction, finding there was other evidence to support the conviction. The defendant appealed the district court's order, assigning that "the district court erred in sustaining the county court's conviction after determining the breath test evidence was inadmissible." *Id*. at 230, 928 N.W.2d at 395. The State argued the breath test results were admissible but did not cross-appeal the district court's decision to the contrary. It claimed it did not need to cross-appeal the district court's admissibility decision because the district court ultimately affirmed the conviction on other grounds. Relying on Neb. Rev. Stat. § 25-2733(3) (Reissue 2016), our Supreme Court rejected that argument, stating that the district court's order vacated the county court's order and that therefore, only the district court's order was reviewable by the Supreme Court. The Supreme Court concluded that the State had not preserved the alleged error committed by the district court.

In *McGinn*, the only assigned error was that the district court erred in affirming the defendant's conviction absent admissible breath test evidence. Because there was no cross-appeal, the State was precluded from attacking the district court's finding as to the admissibility of the breath test and could not rely upon the county court's finding in that regard because the district court's order vacated that order. In the present case, Keenan's assigned error is that the trial court abused its discretion in imposing an excessive sentence. Both the district court and the Nebraska appellate courts generally review appeals from the county court for error appearing on the record. *State v. Dittoe*, 269 Neb. 317, 693 N.W.2d 261 (2005). So in an

appeal in which the district court affirmed the sentence imposed by the county court, we are reviewing the sentence to determine if it was excessive. Here, Keenan assigns what we must ultimately review: Did the county court abuse its discretion in sentencing Keenan? While the error may have been more accurately presented as whether the district court erred in failing to find that the county court abused its discretion and imposed an excessive sentence, the assigned error as stated adequately preserves the appellant's claim.

Keenan argues that the county court's sentence was excessive and constituted an abuse of discretion because the court failed to take certain factors into account and considered other irrelevant information. She claims that the court focused on events that occurred that were unrelated to the crime for which she was being sentenced.

Keenan was convicted of one count of contributing to the delinquency of a minor, a Class I misdemeanor, which is subject to a maximum sentence of 1 year's imprisonment, a $1,000 fine, or both. There is no minimum sentence. See Neb. Rev. Stat. §§ 28-709 and 28-106 (Reissue 2016). The county court sentenced Keenan to 6 months in jail. Accordingly, Keenan's sentence is within the statutory limits and will not be disturbed unless the county court abused its discretion. See *State v. Manjikian*, 303 Neb. 100, 927 N.W.2d 48 (2019).

[6,7] When imposing a sentence, the sentencing court is to consider the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense, and (8) the amount of violence involved in the commission of the crime. *Id.* However, the sentencing court is not limited to any mathematically applied set of factors. *Id.* The appropriateness of a sentence is necessarily a subjective judgment and includes the sentencing judge's observation of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life. *Id.*

Here, the record establishes that the county court reviewed the presentence investigation report and considered all appropriate sentencing factors. At the sentencing hearing, the court discussed Keenan's lengthy criminal history, noting that she had received supervised probation twice, and one of those times her probation was revoked. It also noted that she was incarcerated on another occasion for a felony. The court then discussed events that happened on the night Keenan committed the offense at issue and injuries suffered by the victim. The court also discussed the grounds to be accorded weight in favor of withholding a sentence of imprisonment as set out in Neb. Rev. Stat. § 29-2260(3) (Reissue 2016). Before announcing its sentence, the court stated that it had taken into account the factors under § 29-2260(3), as well as Keenan's criminal history, her educational background, her family background, the serious harm caused to the victim in this case, her lack of remorse, and the facts surrounding the offense.

Based upon the record, the county court considered the appropriate factors. Therefore, the district court did not err in concluding that the county court did not abuse its discretion in sentencing Keenan.

## CONCLUSION

We conclude that because the county court did not impose an excessive sentence, the district court did not err when it affirmed Keenan's county court sentence. The judgment of the district court is affirmed.

Affirmed.