IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**


COUNTRY PARTNERS COOPERATIVE V. STEENSON


NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).


COUNTRY PARTNERS COOPERATIVE, APPELLEE,

V.

GERARD STEENSON, APPELLANT.


Filed October 13, 2020.    No. A-20-001.


Appeal from the District Court for Greeley County: KARIN L. NOAKES, Judge, on appeal thereto from the County Court for Greeley County: KALE B. BURDICK, Judge. Judgment of District Court affirmed.

Brandon B. Hanson, of Hanson Law Offices, for appellant.

Matthew D. Pederson, of Pederson Law Office, for appellee.


PIRTLE, Chief Judge, and MOORE and RIEDMANN, Judges.

RIEDMANN, Judge.

## INTRODUCTION

Gerard Steenson appeals from the order of the district court for Greeley County affirming the county court's judgment in favor of Country Partners Cooperative (Country Partners). We affirm.

## BACKGROUND

Steenson maintained an open account with Country Partners through which he would obtain various goods and services. In July 2016, Steenson requested the application of Avalanche, a "burner" agent, to kill weeds in his soybean field. An employee of Country Partners testified that such an application was considered a "rescue attempt" because it was late in the season and the "weeds were too tall for anything else." At the time Steenson requested the application, the parties

discussed the ramifications, including the likelihood for potential burning. Despite the danger, Steenson still requested the weed-killing service which Country Partners completed in mid to late July. As a result of the service, 0.2 acres of Steenson's adjacent alfalfa crop were damaged.

In order to repair damage from the errant spray, the alfalfa would have to be reseeded at a cost of approximately $200. Country Partners offered Steenson a bag of alfalfa seed, which Steenson rejected. Country Partners charged Steenson $1,797.28 for the agronomy service which did not include any deduction for the damaged alfalfa. By mid-October 2016, Steenson had incurred charges of $3,462.47 for goods and service obtained from Country Partners and finance charges in the amount of $64.35. Finance charges continued to accrue through the end of 2017, resulting in a total amount owed of $4,116.23.

Country Partners filed suit to collect the $4,116.23. Steenson filed a counterclaim to recover the damage to his alfalfa, but dismissed it prior to trial. He asserted several affirmative defenses and specifically disputed the amount owed. The county court entered a judgment awarding Country Partners $4,116.23. Steenson appealed to the district court, which affirmed the county court's decision. Steenson now appeals to this court.

## ASSIGNMENTS OF ERROR

Steenson alleges that the district court erred in (1) not explaining its reasoning in its order affirming the county court's judgment; (2) affirming the county court's order determining that the amount sought by Country Partners was correct and that performance was sufficient to allow for an award; and (3) affirming the county court's award of prejudgment interest.

## STANDARD OF REVIEW

The district court and higher appellate courts generally review appeals from the county court for error appearing on the record. *Lesser v. Eagle Hills Homeowners' Assn.*, 20 Neb. App. 423, 824 N.W.2d 77 (2012).

## ANALYSIS

*District Court's Lack of Explanation of Decision.*

Steenson argues the district court erred by failing to state its reasoning for affirming the county court's judgment. We find no error.

Neb. Rev. Stat. § 25-2733 (Reissue 2008) provides that when the district court is sitting as an appellate court, the district court shall review the case for error appearing on the record made in the county court. When reviewing a judgment for errors appearing on the record, the inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable. *First Nat. Bank of Unadilla v. Betts*, 275 Neb. 665, 748 N.W.2d 76 (2008). In instances when an appellate court is required to review cases for error appearing on the record, questions of law are nonetheless reviewed de novo on the record. *Id.*

Section 25-2733 does not require the district court to provide a detailed opinion when making its determination for errors appearing on the record made in the county court. While it may be better practice for the district court to provide the basis for its opinion, it is not statutorily required to do so. When the district court affirms the county court's decision, on further review to

this court we review whether the district court was correct in determining there was no error on the record of the county court by reviewing the county court record. See, *State v. Lesoing-Dittoe*, 269 Neb. 317, 693 N.W.2d 261 (2005); *State v. Keenan*, 28 Neb. App. 575, 946 N.W.2d 689 (2020) (stating both district court and Nebraska appellate courts generally review appeals from county court for error appearing on record).

Our review of the county court record supports the district court's affirmance of the county court's order. Competent evidence was introduced through multiple exhibits and witness testimony that Steenson failed to pay the amount owed to Country Partners for services rendered. The county court found that Country Partners showed "that the account is correct, the charges are reasonable, that [Country Partners] performed, and that there is a balance due." It further found that Steenson "failed to show a lack of compliance by [Country Partners], nondelivery, or improper performance." We agree. Therefore, the record does not indicate the county court's order was arbitrary, capricious, or unreasonable.

In arguing this assignment, Steenson relies on our opinion in *Lesser v. Eagle Hills Homeowners' Assn.*, 20 Neb. App. 423, 824 N.W.2d 77 (2012). In *Lesser*, the district court determined there was insufficient evidence to find error on the record because the county court failed to explain its reasoning for its decision. We reversed on appeal, explaining that the district court was required to review the record to determine whether the county court's decision conformed to the law and was supported by the evidence. Our ruling did not require the district court to state its reasons for affirming or reversing the county court; rather, the district court had a duty to review the underlying record yet specifically indicated it had not done so. *Id.*

The case at hand is factually different from *Lesser*. There is no indication that the district court failed to review the record prior to making its determination. While the district court's order is brief, it did not need to explain its reasoning.

Accordingly, we find no error in the district court's lack of explanation for its determination.

*District Court's Affirmance of County Court's Order.*

Steenson argues the district court erred by affirming the county court's order that the amount sought by Country Partners was correct. He argues there was evidence of deficient performance by Country Partners' agents when they sprayed Steenson's fields in July 2016. The record reveals, however, that the application of Avalanche as requested by Steenson posed a risk of damage to his adjacent crops, and Steenson was aware of this danger. We find no evidence in the record of any deficient performance, and the court specifically found none. We therefore reject this argument.

*County Court's Award of Prejudgment Interest.*

Citing Neb. Rev. Stat. § 45-103.02 (Reissue 2010), Steenson argues that the district court erred in affirming the county court's award of prejudgment interest to Country Partners because the claim was unliquidated. We find Steenson's assertion misguided.

To recover prejudgment interest, a claim must either be liquidated or certain conditions set forth in § 45-103.02 must be met. However, § 45-103.02 is not the exclusive means of recovering

prejudgment interest. *AVG Partners I v. Genesis Health Clubs*, 307 Neb. 47, 948 N.W.2d 212 (2020). Neb. Rev. Stat. § 45-104 (Reissue 2010) provides a separate and independent means of recovering prejudgment interest. *AVG Partners I v. Genesis Health Clubs, supra*; *Weyh v. Gottsch*, 303 Neb. 280, 929 N.W.2d 40 (2019). Section 45-104 allows interest "on money loaned or due and withheld by unreasonable delay of payment." In *Weyh v. Gottsch, supra*, the Nebraska Supreme Court expressly held that prejudgment interest can be awarded under § 45-104 even if the claim is unliquidated.

We recognize that the county court's order may have contributed to Steenson's confusion. In its order, the county court stated that Country Partners' "claim is liquidated, and that [Country Partners] is therefore entitled to the full judgment, plus pre-judgment interest, and post-judgment interest." However, in its order, the court specifically stated that the amount of prejudgment interest awarded was "$.00."

We read the county court's order to award judgment in the amount of $4,116.23, which includes finance charges on the unpaid balance, the type of prejudgment interest authorized by § 45-104. Steenson's argument on appeal is that prejudgment interest should not have been awarded because the claim was unliquidated. Because the amount of the judgment includes prejudgment interest in the form of a finance charge, we reject his argument. Section 45-104 authorizes prejudgment interest in the amount of 12 percent per annum, unless otherwise agreed. Here, the invoices specifically advised that a finance charge of 1.333 percent would be charged monthly, equating to an annual rate of 16 percent. An employee of Country Partners explained that the co-op's bylaws contained a default interest rate of 16 percent per year. Steenson makes no argument challenging the rate charged.

Despite the language of the court's order awarding prejudgment interest on the basis of a liquidated claim, it is clear no prejudgment interest was awarded beyond that contained in the judgment based upon § 45-104. We therefore affirm the court's award of $4,116.23.

CONCLUSION

Finding no error on the record, we affirm the district court's order affirming judgment in favor of Country Partners in the amount of $4,116.23.

AFFIRMED.