Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
06/25/2021 08:10 AM CDT

STATE OF NEBRASKA, APPELLEE, V.
DOUGLAS P. JENNINGS, APPELLANT.

___ N.W.2d ___

Filed April 2, 2021.    No. S-20-324.

1. **Judgments: Speedy Trial: Appeal and Error.** Generally, a trial court's determination as to whether charges should be dismissed on speedy trial grounds is a factual question which will be affirmed on appeal unless clearly erroneous.

2. **Appeal and Error.** The function of assignments of error is to set out the issues presented on appeal, to advise the appellee of the question submitted for determination so the appellee knows what contentions must be met, and to advise the appellate court of the issues submitted for decision.

3. ____. A generalized and vague assignment of error that does not advise an appellate court of the issue submitted for decision will not be considered.

4. **Courts: Judgments: Appeal and Error.** Both the district court and a higher appellate court generally review appeals from the county court for error appearing on the record. Under that standard, an appellate court's inquiry is whether the trial court's decision conformed to the law, was supported by competent evidence, and was neither arbitrary, capricious, nor unreasonable.

5. ____: ____: ____. In appeals from the district court sitting as an appellate court, the immediate question is whether the district court erred in its appellate review of the county court's decision, but review of that question necessarily involves considering the decision of the county court.

6. **Speedy Trial.** To calculate the time for statutory speedy trial purposes, a court must exclude the day the complaint was filed, count forward 6 months, back up 1 day, and then add any time excluded under Neb. Rev. Stat. § 29-1207(4) (Reissue 2016) to determine the last day the defendant can be tried.

7. **Speedy Trial: Proof.** When calculating the time for speedy trial purposes, the State bears the burden to show, by a preponderance of the evidence, the applicability of one or more of the excluded time periods under Neb. Rev. Stat. § 29-1207(4) (Reissue 2016).

8. **Speedy Trial: Notice.** Generally, a criminal defendant must be properly notified of the need to appear in court on a given date and time before failure to so appear can initiate a period of excludable time under Neb. Rev. Stat. § 29-1207(4)(d) (Reissue 2016).

9. **Speedy Trial: Warrants: Service of Process: Proof.** The pendency of a warrant alone may result in excludable time under Neb. Rev. Stat. § 29-1207(4)(d) (Reissue 2016) if the State can prove that diligent efforts to secure the defendant's presence by the service of the arrest warrant have been tried and failed.

Appeal from the District Court for Douglas County, Gary B. Randall, Judge, on appeal thereto from the County Court for Douglas County, Darryl R. Lowe, Judge. Judgment of District Court reversed and remanded with directions.

Thomas C. Riley, Douglas County Public Defender, and Mary M. Dvorak for appellant.

Douglas J. Peterson, Attorney General, and Stacy M. Foust for appellee.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke, Papik, and Freudenberg, JJ.

Stacy, J.

In this appeal from the district court sitting as an appellate court, Douglas P. Jennings assigns error to the denial of his motion for absolute discharge. Jennings argues he was not tried within the statutory 6-month period under Neb. Rev. Stat. § 29-1207 (Reissue 2016), and he further argues the State failed to prove the delay was the result of any properly excluded period. The State's briefing offers no argument on the merits of Jennings' speedy trial claim, and instead, it contends only that Jennings' sole assignment of error is unreviewable. Because we find Jennings' assignment of error is both

reviewable and meritorious, we reverse the judgment of the district court and remand the cause with directions.

## BACKGROUND

On August 17, 2018, the State filed a complaint in the county court for Douglas County, charging Jennings with the Class I misdemeanor of stalking, in violation of Neb. Rev. Stat. § 28-311.04 (Cum. Supp. 2020). The alleged victim was Jennings' former girlfriend. Three days later, on August 20, the court issued a warrant for Jennings' arrest.

More than 9 months later, on May 29, 2019, Jennings was arrested at his home in Omaha, Nebraska, as part of a misdemeanor warrant sweep conducted by the Omaha Police Department. At his arraignment the next day, Jennings entered a plea of not guilty, and the case was placed on the jury docket. Jennings was released on bond and ordered to appear on July 12 for a pretrial conference. Jennings appeared with counsel for the pretrial conference and moved to continue the matter. Thereafter, trial was continued several times on Jennings' motions.

On August 30, 2019, Jennings filed a motion for absolute discharge on constitutional and statutory speedy trial grounds. His motion generally alleged the State's complaint was filed August 17, 2018, and by the time Jennings was arrested on the warrant, more than 9 months later, the 6-month speedy trial period under § 29-1207 had expired.

At the evidentiary hearing on Jennings' motion, the State argued the period of delay between the filing of the complaint and Jennings' arrest on the warrant was due solely to "the absence or the unavailability of the defendant" and thus was excludable under § 29-1207(4)(d). In opening remarks, the State advised it would call the officer who transported Jennings to jail to testify about "statements that [Jennings] made that would indicate that he was aware of the warrant and, in fact, had moved out of state in order . . . to avoid that warrant."

The State called Sgt. Brent Kendall, who testified that while he was transporting Jennings to jail on May 29, 2019, Jennings made several statements. First, Jennings told Kendall that sometime in January 2019, a friend told him "he might be on [a] warrant list," so Jennings "checked for several weeks" but "wasn't sure if that was [a protection order] or if that was a warrant." Jennings said he wanted more information, so he emailed his former girlfriend, but Jennings did not "get into the details of the content of the email." Jennings did state, however, that he thought his former girlfriend "'dropped'" the matter and it was "done."

Jennings also told Kendall that he traveled to Las Vegas, Nevada, "in the summer of 2018" and that when he returned to Omaha, he "found a note that he believed was from a process server." There was no evidence adduced about how long Jennings was in Las Vegas or about the content of the note Jennings found when he returned. On cross-examination, Kendall admitted that Jennings' statements about finding a note from a process server suggested "there's some civil piece of paperwork that . . . he needs to be served with."

Finally, Jennings told Kendall "he had spent approximately 10 months in Denver, Colorado," and was back in Omaha because "he had a storage unit with a classic car and some other property that he needed to tend to." On cross-examination, Kendall admitted he did not know when Jennings left for Colorado or whether he made trips back and forth between Denver and Omaha. Kendall also admitted that until the warrant sweep on May 29, 2019, he had not personally attempted to serve the warrant on Jennings. The State offered no evidence of prior attempts to serve Jennings' warrant.

The county court overruled Jennings' motion for discharge, reasoning:

[T]he statements from the defendant's mouth gives the trier of fact some pause. . . . [A]ccording to the officer [Jennings] spent 10 months in Denver. Whether he's trying to avoid it or not, it does show he was unavailable. Whether or not he believed it was a process server or

he thought there was someone serving a warrant for a protection order or some other civil lawsuit rather than a criminal lawsuit, despite that, he was unavailable for, allegedly, at least a nine-month period between August of 2018 and May 2019. So, the [court] is going to deny your motion.

Jennings timely appealed the denial of his motion for absolute discharge, assigning the county court erred in finding the State had met its burden of proving an excludable period under § 29-1207(4). The district court affirmed.

Jennings now appeals from the district court's judgment. We moved the case to our docket on our own motion.

## ASSIGNMENT OF ERROR

Because the phrasing of Jennings' only assignment of error is an issue on appeal, we quote the assignment in full: "The county court erred in interpreting and applying the speedy trial statute, Neb. Rev. Stat. § 29-1207, in denying [Jennings'] motion to discharge, where the [S]tate failed to show that Jennings had notice of the pending charge or arrest warrant."

## STANDARD OF REVIEW

[1] Generally, a trial court's determination as to whether charges should be dismissed on speedy trial grounds is a factual question which will be affirmed on appeal unless clearly erroneous.[1]

## ANALYSIS

The State's appellate briefing does not address the merits of the lower courts' speedy trial analysis or rulings. Instead, the State argues that Jennings' sole assignment of error is unreviewable under our holding in *State v. McGinn*,[2] because the assignment refers to the county court's decision rather than

---

[1] *State v. Chapman*, 307 Neb. 443, 949 N.W.2d 490 (2020); *State v. Liming*, 306 Neb. 475, 945 N.W.2d 882 (2020).

[2] *State v. McGinn*, 303 Neb. 224, 928 N.W.2d 391 (2019), *modified on denial of rehearing* 303 Neb. 931, 932 N.W.2d 83.

the district court's judgment. We address the State's interpretation of *McGinn* as a threshold matter.

## State v. McGinn

In *McGinn*, the defendant appealed his county court conviction for driving under the influence of alcohol. The district court, sitting as an intermediate appellate court, found the county court erred in admitting certain breath test results into evidence. But the district court ultimately affirmed the conviction, finding it was supported by other evidence in the record.[3] On further appeal, the defendant assigned it was error for the district court to affirm the county court's conviction after finding the breath test was inadmissible. In response, the State argued the county court had correctly admitted the breath test. We understood this as an effort by the State to challenge the merits of the district court's determination that the county court erred in admitting the breath test.[4] And since the State had not cross-appealed on that issue, we concluded it had not preserved the alleged error for appellate review, reasoning:

> [T]he district court determined that the breath test was inadmissible due to a violation of § 60-6,199 and . . . the State has not cross-appealed and has not assigned as error that determination. At oral argument, the State contended that [it] did not need to appeal the district court's admissibility determination, because the district court ultimately affirmed McGinn's conviction on other grounds.
>
> Under Neb. Rev. Stat. § 25-2733(3) (Reissue 2016), the judgment of the district court vacates the judgment in the county court and thus only the district court's judgment is reviewable by this court. Our holding in *State v. Thalken*[, 299 Neb. 857, 911 N.W.2d 562 (2018),] articulated the State's right to appeal a decision of the district court sitting as an intermediate court of appeals. As a result, the State has not preserved the purported error

---

[3] *Id.*

[4] See *id.*

committed by the district court. As we have previously stated, an appellate court does not consider errors which are argued but not assigned.

Additionally, we have held that an appellee's argument that a lower court's decision should be upheld on grounds specifically rejected below constitutes a request for affirmative relief, and the appellee must cross-appeal in order for that argument to be considered. Thus, the sole issue on appeal is whether the district court erred in affirming the county court's conviction after determining the county court erred in admitting the breath test evidence.[5]

Post-*McGinn*, the State has regularly relied on language from that opinion to argue, in appeals from the district court sitting as an appellate court, that assignments of error which reference only the county court's ruling are unreviewable.[6] Initially, the State's argument was viewed favorably in an unpublished opinion of the Nebraska Court of Appeals.[7] But the State's interpretation of *McGinn* was expressly rejected by the Court of Appeals in the published opinion of *State v. Keenan*[8] and in another unpublished opinion.[9] We also reject the State's interpretation of *McGinn*.

The State contends that *McGinn* precludes appellate review whenever an assignment of error focuses on the county court's ruling rather than the district court's ruling. It supports

---

[5] *McGinn, supra* note 2, 303 Neb. at 231-32, 928 N.W.2d at 396.

[6] See, e.g., *State v. Keenan*, 28 Neb. App. 575, 946 N.W.2d 689 (2020), *modified on denial of rehearing* 28 Neb. App. 697, 946 N.W.2d 693; *State v. Lonowski*, No. A-19-1046, 2020 WL 4459346 (Neb. App. Aug. 4, 2020) (selected for posting to court website); *State v. Krieger*, No. A-19-982, 2020 WL 4346738 (July 20, 2020) (selected for posting to court website); *State v. White*, No. A-19-1061, 2020 WL 3054807 (Neb. App. June 9, 2020) (selected for posting to court website); *State v. Maciel*, No. A-19-549, 2020 WL 549059 (Neb. App. Feb. 4, 2020) (selected for posting to court website).

[7] See *Maciel, supra* note 6.

[8] *Keenan, supra* note 6.

[9] See *Krieger, supra* note 6.

this contention by pointing to language in *McGinn* stating that "the judgment of the district court vacates the judgment in the county court and thus only the district court's judgment is reviewable by this court."[10] The State appears to assume that we did not review its argument in *McGinn* because of the way the argument had been framed. But it was not imprecision in framing the argument that precluded appellate review; it was the State's failure to cross-appeal.

In *McGinn*, the State was attempting to argue that the district court's appellate reasoning on an evidentiary issue was erroneous and that the county court's admission of the evidence had been correct. But the State had not cross-appealed to preserve that purported error by the district court, so we were unable to review it. And when the State suggested it was not necessary to cross-appeal because it was merely seeking affirmance on a different ground, we rejected that suggestion, pointing to the rule that when an appellee argues that a lower court's decision should be upheld on grounds specifically rejected below, it amounts to a request for affirmative relief, and the appellee must cross-appeal in order for that argument to be considered.[11] In other words, *McGinn* teaches that if an appellee wants the appellate court to review an allegedly erroneous determination made by the district court sitting as an appellate court, it should cross-appeal to preserve the issue, rather than merely arguing in its brief that the county court was correct in the first instance.

The observation in *McGinn* that "the judgment of the district court vacates the judgment in the county court and thus

---

[10] *McGinn, supra* note 2, 303 Neb. at 231, 928 N.W.2d at 396. See, also, Neb. Rev. Stat. § 25-2733(3) (Reissue 2016).

[11] *McGinn, supra* note 2. Accord, *Weber v. Gas 'N Shop*, 278 Neb. 49, 767 N.W.2d 746 (2009); *Pennfield Oil Co. v. Winstrom*, 272 Neb. 219, 720 N.W.2d 886 (2006); *New Tek Mfg. v. Beehner*, 270 Neb. 264, 702 N.W.2d 336 (2005); *Wasikowski v. Nebraska Quality Jobs Bd.*, 264 Neb. 403, 648 N.W.2d 756 (2002); *McDonald v. DeCamp Legal Servs.*, 260 Neb. 729, 619 N.W.2d 583 (2000).

only the district court's judgment is reviewable by this court" must be understood in the procedural context of that case.[12] The State has taken this language out of context and fashioned it into a grammatical litmus test that would preclude appellate review altogether if an assignment of error is imprecisely framed.

We encourage precision when framing assignments of error, but the applicable legal standard does not require perfection. Instead, Neb. Rev. Stat. § 25-1919 (Reissue 2016) provides:

> The brief of appellant shall set out particularly each error asserted and intended to be urged for the reversal, vacation, or modification of the judgment, decree, or final order alleged to be erroneous, but no petition in error or other assignment of errors shall be required beyond or in addition to such requirement.

And the Nebraska Court Rules of Appellate Practice require a "separate concise statement of each error a party contends was made by the trial court, together with the issues pertaining to the assignments of error."[13]

[2,3] In applying these standards, we have explained that the function of assignments of error is to set out the issues presented on appeal, to advise the appellee of the question submitted for determination so the appellee knows what contentions must be met, and to advise the appellate court of the issues submitted for decision.[14] While a generalized and vague assignment of error that does not advise an appellate court of the issue submitted for decision will not be considered,[15] the State does not suggest that Jennings' assignment is too vague or generalized to advise of the issue submitted for determination. Instead, the State argues only that *McGinn* prevents us

---

[12] See *McGinn, supra* note 2, 303 Neb. at 231, 928 N.W.2d at 396.

[13] Neb. Ct. R. App. P. § 2-109(D)(1)(e) (rev. 2014).

[14] See, *State v. Huffman*, 222 Neb. 512, 385 N.W.2d 85 (1986), *overruled on other grounds, State v. Vann*, 306 Neb. 91, 944 N.W.2d 503 (2020); *Cook v. Lowe*, 180 Neb. 39, 141 N.W.2d 430 (1966).

[15] *State v. Filholm*, 287 Neb. 763, 848 N.W.2d 571 (2014).

from reviewing an assignment that references just the county court's decision.

We have explained why the State's interpretation of *McGinn* is incorrect, but for the sake of completeness, we also correct the State's suggestion that an appellate court should not consider the county court's decision when reviewing appeals from the district court sitting as an intermediate appellate court. Given the applicable standard of appellate review, the State's suggestion is both imprecise and impractical.

[4,5] Both the district court and a higher appellate court generally review appeals from the county court for error appearing on the record.[16] Under that standard, an appellate court's inquiry is whether the trial court's decision conformed to the law, was supported by competent evidence, and was neither arbitrary, capricious, nor unreasonable.[17] And since we have characterized a county court's determination of whether a complaint should be dismissed on speedy trial grounds as a factual question, such a decision will be affirmed by the appellate court unless clearly erroneous.[18] So, in appeals from the district court sitting as an appellate court, the immediate question is whether the district court erred in its appellate review of the county court's decision, but review of that question necessarily involves considering the decision of the county court.

Here, Jennings has assigned error to the county court's denial of his motion for absolute discharge, contending the State failed to prove he had notice of the pending charge or the arrest warrant. While it would have been more precise for Jennings to assign error to the district court's affirmance of the decision of the county court to deny absolute discharge, the fact remains that our standard of appellate review, like the district court's standard of review, requires that we consider

---

[16] *McGinn, supra* note 2.

[17] *Id.*

[18] See, *Chapman, supra* note 1; *State v. Richter*, 240 Neb. 223, 481 N.W.2d 200 (1992).

whether the county court's speedy trial decision was clearly erroneous.[19]

In summary, then, we reject the State's contention that we cannot review Jennings' assignment of error under *McGinn*. And we determine that Jennings' assignment of error, while imprecise, is sufficient to advise this court of the issues submitted for decision and to let the State know what contentions must be met. Nothing about the way Jennings has either phrased or argued his assignment of error precludes appellate review.

Having concluded that Jennings' assignment of error is reviewable, we turn next to its merits.

## Right to Absolute Discharge

At oral argument before this court, the State conceded that if we reach the merits of Jennings' assignment of error, the district court's judgment should be reversed because the State failed to meet its burden of proof. As we explain, we agree with the State's candid assessment.

In Nebraska, a criminal defendant's statutory speedy trial rights are governed by § 29-1207 and Neb. Rev. Stat. § 29-1208 (Reissue 2016).[20] Summarized, § 29-1207 requires that every person "indicted or informed against for any offense shall be brought to trial within six months"[21] and generally provides that the "six-month period shall commence to run from the date the indictment is returned or the information filed."[22] The statute contains an exception for misdemeanor offenses "involving intimate partners . . . in which case the six-month period shall commence from the date the defendant is arrested on a complaint filed as part of a warrant for arrest."[23] The

---

[19] See *id.*

[20] See *Chapman, supra* note 1.

[21] § 29-1207(1).

[22] § 29-1207(2).

[23] *Id.*

State did not rely on this exception in response to Jennings' motion, and we therefore express no opinion on whether it could apply to a stalking charge.[24] We instead analyze Jennings' motion for absolute discharge assuming, as did the court and parties below, that the 6-month speedy trial period commenced on the date the complaint was filed in county court.[25]

[6,7] To calculate the time for statutory speedy trial purposes, "a court must exclude the day the complaint was filed, count forward 6 months, back up 1 day, and then add any time excluded under § 29-1207(4) to determine the last day the defendant can be tried."[26] The State bears the burden to show, by a preponderance of the evidence, the applicability of one or more of the excluded time periods under § 29-1207(4).[27] If a defendant is "not brought to trial before the running of the time for trial as provided for in section 29-1207, as extended by excluded periods, he or she shall be entitled to his or her absolute discharge from the offense charged."[28]

Before the county court, the State opposed Jennings' motion for absolute discharge on just one ground: that Jennings was absent or unavailable during the entire time the arrest warrant was pending, making that time excludable under § 29-1207(4)(d). We therefore confine our speedy trial analysis under § 29-1207(4) to this narrow issue.

Section 29-1207(4)(d) excludes from the speedy trial calculation "[t]he period of delay resulting from the absence

---

[24] See, e.g., *State v. Lebeau*, 280 Neb. 238, 244-45, 784 N.W.2d 921, 927 (2010) (holding provision in § 29-1207(2) for "a misdemeanor offense involving intimate partners" does not encompass any and all misdemeanors involving an intimate partner but applies "only to those misdemeanor offenses in which the involvement of an 'intimate partner' is an element of the offense").

[25] See, e.g., *Chapman, supra* note 1 (noting § 29-1207(2) refers to informations and indictments but has consistently been applied to prosecutions commenced by filing complaint in county court).

[26] *Chapman, supra* note 1, 307 Neb. at 448, 949 N.W.2d at 493-94.

[27] See *id.*

[28] § 29-1208.

or unavailability of the defendant." Based on the evidence adduced at the hearing on Jennings' motion, the county court made a finding that Jennings was "unavailable for . . . at least a nine-month period between August of 2018 and May 2019," and it excluded that period under § 29-1207(4)(d). To determine whether the county court's finding in this regard was clearly erroneous, and therefore, whether the district court's affirmance was erroneous, we review our cases addressing the circumstances under which a pending arrest warrant can result in excluded time under § 29-1207(4)(d).

First, we pause to recite the general rule that when a criminal defendant is given notice to appear for trial and fails to do so, he or she is considered absent or unavailable for purposes of § 29-1207(4)(d).[29] In such a case, we have said the time from the failure to appear until the "'next reasonably available trial date'" after the defendant reappears is attributable to the defendant.[30] But here, the State does not contend Jennings was given notice to appear in court on the stalking charge and failed to do so. Instead, the State relies exclusively on the pendency of an unserved arrest warrant to argue that Jennings was absent or unavailable under § 29-1207(4)(d). We have considered similar arguments in two prior cases which we find instructive.

In *State v. Richter*,[31] the defendant was charged in county court with driving while intoxicated. The State attempted to serve the complaint by citation,[32] but the record contained no return of service. After the defendant failed to appear as directed in the citation, a warrant was issued for his arrest. When the defendant was arrested on the warrant 603 days later, he moved for absolute discharge on speedy trial grounds. The county court denied the motion for absolute discharge,

---

[29] See, *State v. Blocher*, 307 Neb. 874, 951 N.W.2d 499 (2020); *State v. Petty*, 269 Neb. 205, 691 N.W.2d 101 (2005).

[30] *Blocher, supra* note 29, 307 Neb. at 878, 951 N.W.2d at 502.

[31] *Richter, supra* note 18.

[32] See, e.g., Neb. Rev. Stat. § 29-425 (Reissue 2016).

finding the defendant was absent and unavailable during the pendency of the arrest warrant under § 29-1207(4)(d). The district court affirmed.

[8] On further appeal, we reversed, citing the general rule that "a criminal defendant must be properly notified of the need to appear in court on a given date and time before failure to so appear can initiate a period of excludable time [under § 29-1207(4)(d)]."[33] We likewise rejected the State's argument that the pendency of the arrest warrant resulted in excludable time, reasoning that "to allow [the speedy trial] statute to be tolled with the mere issuance of a warrant without service would allow the State to schedule hearings without notifying the defendant and then to switch off the speedy trial clock by applying for a warrant."[34]

But as relevant here, *Richter* also recognized there may be circumstances where, despite a defendant's lack of notice, a pending arrest warrant can result in excludable time under § 29-1207(4)(d), if the State proves that "diligent efforts to secure [the defendant's] presence by the service of an arrest warrant have been tried and failed."[35] Because the State in *Richter* had not shown diligent efforts to secure the defendant's appearance, there was insufficient evidence to show the defendant was unavailable under § 29-1207(4)(d) while the warrant was outstanding.

In *State v. Chapman*,[36] we again considered whether the State had met its burden of proving the time that an arrest warrant was pending was excludable under § 29-1207(4)(d). The defendant in *Chapman* was charged in county court with theft by unlawful taking, and when he failed to appear for his scheduled arraignment, a warrant was issued. The defendant was arrested on the warrant about 2 years later, after which he moved for absolute discharge on speedy trial grounds.

---

[33] *Richter, supra* note 18, 240 Neb. at 228, 481 N.W.2d at 204.

[34] *Id.* at 230, 481 N.W.2d at 206.

[35] *Id.*

[36] *Chapman, supra* note 1.

At the hearing on the defendant's motion, the State offered a letter addressed to the defendant directing him to appear in court on the day of his scheduled arraignment, but it offered no evidence the letter had been received. The State also offered the arrest warrant and subsequent orders extending that warrant, but it presented no evidence regarding attempts to execute the warrant. The county court denied discharge, finding the entire period during which the warrant was pending was excludable under § 29-1207(4)(d). On appeal, the district court affirmed.[37]

[9] We reversed on further appeal, finding the State had not met its burden to prove excludable time under § 29-1207(4)(d). We observed that both the county and district court appeared to assume that any time an arrest warrant is issued for failure to appear, the defendant is considered absent or unavailable under § 29-1207(4)(d) during the pendency of the warrant. But we explained that *Richter* does not support such a conclusion. Instead, *Richter* recited the general rule that no excluded time arises under § 29-1207(4)(d) when a defendant fails to appear at a court proceeding of which he or she was not provided notice. And even though *Richter* recognized a possible exception to the general rule, under which "the pendency of a warrant alone may result in excluded time if the State can prove that 'diligent efforts to secure [the defendant's] presence by the service of an arrest warrant have been tried and failed,'"[38] the State in *Chapman* admitted it had not offered evidence of diligent efforts.

In the instant appeal, the State's evidence fell short under both *Richter* and *Chapman.* The State adduced no evidence that Jennings had notice of any order to appear on the stalking charge, and to the extent the State wanted to rely on the possible exception for pending arrest warrants discussed in *Richter* and *Chapman*, it adduced no evidence of any efforts to serve the warrant on Jennings before May 29, 2019. This

---

[37] *Id.*

[38] *Id.* at 449, 949 N.W.2d at 494, quoting *Richter, supra* note 18.

case, therefore, does not afford an opportunity to fully explore what sort of showing may satisfy diligent efforts under *Richter* and *Chapman.*

On this record, the State did not carry its burden to prove any excluded time based on Jennings' absence or unavailability under § 29-1207(4)(d). As such, the county court clearly erred in finding that Jennings was unavailable during the pendency of the arrest warrant and excluding that time under § 29-1207(4)(d), and the district court erred in affirming the county court's order.

Jennings was entitled to absolute discharge under § 29-1208 because he was not tried within 6 months of the complaint being filed, and the State failed to meet its burden of proving any excludable time.

## CONCLUSION

For the foregoing reasons, we reverse the judgment of the district court and direct that court, on remand, to reverse the order of the county court and remand the cause with directions to grant Jennings' motion for absolute discharge.

REVERSED AND REMANDED WITH DIRECTIONS.