IN THE NEBRASKA COURT OF APPEALS

## MEMORANDUM OPINION AND JUDGMENT ON APPEAL
(Memorandum Web Opinion)

STATE V. BRITSCH

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

GUNNAR BRITSCH, APPELLANT.

Filed March 31, 2026.    No. A-25-249.

Appeal from the District Court for Scotts Bluff County: ANDREA D. MILLER, Judge. Affirmed.

Bell Island, of Island Law Office, P.C., L.L.O., for appellant.

Michael T. Hilgers, Attorney General, and Jordan Osborne for appellee.

MOORE, PIRTLE, and FREEMAN, Judges.

FREEMAN, Judge.

## INTRODUCTION

Gunnar Britsch appeals from the order of the Scotts Bluff District Court affirming the county court's denial of Britsch's motion for absolute discharge under Neb. Rev. Stat. § 29-1207 (Cum. Supp. 2025). Britsch asserts that the district court erred in affirming the county court's denial, maintaining that the State failed to satisfy its burden to establish sufficient excludable time under § 29-1207. We conclude that the district court did not err. We affirm.

## BACKGROUND

On December 7, 2023, the State filed a complaint in the Scotts Bluff County Court, charging Britsch with driving while intoxicated (DWI), second offense, a Class I misdemeanor, and refusal to submit to a preliminary breath test, a Class V misdemeanor. On December 14, Britsch filed a motion for discovery. The following day, he waived arraignment and entered a plea

of not guilty. The county court granted discovery, accepted the waiver and plea, and set a pretrial hearing for January 30, 2024.

At the pretrial hearing, the presiding judge, Judge Worden, stated that he knew Britsch personally and recused himself. He ordered the case transferred to Judge Mickey's docket and reset the pretrial hearing for March 11, 2024. Britsch's counsel did not object, stating, "I am fine with that. I mean, based upon what I have received. I am ready to go forward." Judge Worden noted that rescheduling a pretrial hearing rather than a docket call would allow Judge Mickey to become familiar with the case.

On February 23, 2024, the county court, on its own motion, continued the pretrial hearing set for March 11 to April 8, due to a "scheduling conflict," as reflected in the journal entry. At the pretrial hearing, Britsch's counsel stated that newly disclosed discovery had been received that day. Although neither party moved to continue, the county court proposed a continuance to May 13, 2024, to allow counsel time to review the materials. Britsch's counsel stated, "I don't object to that. I am only objecting to preserve my client's speedy trial right, but that's fine." Trial was later set for July 25.

On July 25, 2024, Britsch moved for absolute discharge on both counts, alleging a statutory speedy trial violation pursuant to § 29-1207. The county court held a hearing on the motion in September. Britsch offered a copy of the complaint, discovery motion, and discovery order. The State offered the pretrial and continuance orders, including the recusal order and the scheduling conflict continuance. By request of counsel, arguments were not included in the bill of exceptions and thus do not appear in our record on appeal.

In an order entered on September 5, 2024, the county court denied the motion, concluding that the 6-month period for absolute discharge initially expired on June 7, but that 69 days were properly excluded for good cause, extending the deadline to August 16. The court specifically stated:

> [T]he period of time associated with a judge's recusal required under the Nebraska Revised Code of Judicial Conduct and the reasonable period required for rescheduling the matter before another judge amounts to "good cause" and should therefore be excluded in computing the time for trial. Such unforeseen circumstances are likely the precise genre of "periods of delay not specifically enumerated" which amount to reasonable grounds for a brief extension of the speedy trial rule.

Britsch appealed to the district court. The district court heard the appeal on February 14, 2025, and affirmed the county court's order on March 6.

The district court found that the parties stipulated to 42 excludable days, including 1 day for discovery and 41 days for Judge Worden's recusal. The court further held that the 28-day continuance caused by Judge Mickey's scheduling conflict was excludable for good cause under § 29-1207(f) as a reasonable consequence of the recusal. The court determined that adding the total 69 excludable days extended the deadline to August 15, 2024, which was well within the statutory period. The district court made no finding regarding the 35-day discovery continuance from April 8, 2024, to May 13, 2024.

Britsch appeals.

## ASSIGNMENT OF ERROR

Britsch assigns, restated, that the district court erred in affirming the county court's order denying his motion for absolute discharge, because the State failed to establish good cause sufficient to toll his speedy trial rights.

## STANDARD OF REVIEW

Generally, a trial court's determination as to whether charges should be dismissed on speedy trial grounds is a factual question that will be affirmed on appeal unless clearly erroneous. *State v. Rashad*, 316 Neb. 101, 3 N.W.3d 325 (2024).

## ANALYSIS

This case presents an appeal from the county court's denial of Britsch's motion for discharge, which was affirmed by the district court. Both the district court and a higher appellate court generally review appeals from the county court for error appearing on the record. *State v. Jennings*, 308 Neb. 835, 957 N.W.2d 143 (2021). Under that standard, an appellate court's inquiry is whether the trial court's decision conformed to the law, was supported by competent evidence, and was neither arbitrary, capricious, nor unreasonable. *Id*. And since the Nebraska Supreme Court has characterized a county court's determination of whether a complaint should be dismissed on speedy trial grounds as a factual question, such a decision will be affirmed by the appellate court unless clearly erroneous. See *id*.

The denial of a motion for discharge under the speedy trial statutes is a final order under Neb. Rev. Stat. § 25-1902 (Cum. Supp. 2025). See *State v. Chase*, 310 Neb. 160, 964 N.W.2d 254 (2021). An appeal therefrom presents a relatively simple mathematical computation of whether the 6-month speedy trial clock, as extended by statutorily excludable periods, has expired before the commencement of trial and does not require any showing of prejudice. *Id*.

Britsch asserts that rescheduling the pretrial hearing to April 8, 2024, was unsupported by evidence in the record and that the journal entry citing Judge Mickey's scheduling conflict was insufficient to establish good cause for rescheduling the hearing.

The statutory right to a speedy trial is set forth in § 29-1207 and Neb. Rev. Stat. § 29-1208 (Cum. Supp. 2025). See *State v. Rashad, supra*. Under those statutes, if a defendant is not brought to trial by the 6-month speedy trial deadline, as extended by any excluded periods, he or she is entitled to absolute discharge from the offense charged and for any other offense required by law to be joined with that offense. *Id*. Certain periods of delay are excluded from the speedy trial calculation. *State v. Moody*, 311 Neb. 143, 970 N.W.2d 770 (2022). As relevant to this case, § 29-1207(4)(f) provides that other periods of delay not specifically enumerated in the statute may be excluded in the speedy trial computation if the court finds that they are for good cause. See *State v. Moody, supra*.

The burden of proof is upon the State to show by a preponderance of the evidence that one or more of the excluded time periods under § 29-1207(4) are applicable when the defendant is not tried within 6 months. See *State v. Chase, supra*. The Supreme Court has determined that good cause means a substantial reason and one that affords a legal excuse. See *State v. Moody, supra*. Good cause is a factual question dealt with on a case-by-case basis. See *id*.

- 3 -

When a trial court relies on § 29-1207(4)(f) to exclude time from the speedy trial calculation, a general finding of good cause will not suffice. *State v. Moody, supra*. Instead, the court must make specific findings as to the good cause that resulted in the delay. *Id*. An appellate court will give deference to such factual findings unless they are clearly erroneous. *Id*. In determining whether the trial court clearly erred in finding good cause after a hearing on a motion for discharge, we look not just to the evidence presented at the hearing on the motion for discharge, but to the whole record. See *id*. The only timing requirement implicit in § 29-1207(4)(f) is that the substantial reason affording a legal excuse objectively existed at the time of the delay. *State v. Moody, supra*.

To calculate the time for statutory speedy trial purposes, a court must exclude the day the information was filed, count forward 6 months, back up 1 day, and then add any time excluded under § 29-1207(4) to determine the last day the defendant can be tried. *State v. Moody, supra*. A county court filing of a complaint is governed by the same procedural rules as the filing of an information in district court. See Neb. Rev. Stat. § 29-1604 (Cum. Supp. 2022). Here, because the complaint was filed on December 7, 2023, the initial trial deadline, absent exclusions, was June 6, 2024. Adding the undisputed one day for Britsch's discovery motion extended the deadline to June 7. The parties dispute whether additional time should be excluded for continuances from January 30, 2024, to March 11, then to April 8, and finally to May 13. We address each period in turn.

*Judge Worden's Recusal: January 30 to March 11, 2024.*

The district court excluded 41 days for the delay caused by Judge Worden's recusal between January 30 and March 11, 2024. Britsch concedes this period of exclusion under § 29-1207(4)(f). We find no error in the court's determination.

The Nebraska Revised Code of Judicial Conduct requires that "[a] judge shall hear and decide matters assigned to the judge, except when disqualification is required. . . ." See *In re Interest of A.A. et al.*, 307 Neb. 817, 951 N.W.2d 144 (2020), *supplemented by* 308 Neb. 749, 957 N.W.2d 138 (2021). The code further states that "[a] judge shall disqualify himself or herself in any proceeding in which the judge's impartiality might reasonably be questioned. . . ." *Id.* The right to an impartial judge is guaranteed under the Due Process Clauses of the U.S. and Nebraska Constitutions, the parameters of which are coextensive. *State v. Ezell*, 314 Neb. 825, 993 N.W.2d 449 (2023).

Here, Judge Worden stated that he knew Britsch and recused himself. This delay caused by Judge Worden's recusal constituted good cause because there were substantial reasons affording legal excuse, specifically to protect Britsch's due process rights. Accordingly, the district court did not clearly err in finding that 41 days were properly excluded, extending the statutory deadline to July 18, 2024.

*Judge Mickey's Scheduling Conflict: March 11 to April 8, 2024.*

The district court also excluded 28 days for delay caused by Judge Mickey's scheduling conflict, concluding that the continuance resulted from Judge Worden's recusal and constituted an ordinary consequence of recusal. Britsch argues that the journal entry does not sufficiently support that conclusion. We find no error in the court's determination.

In this case, Judge Worden recused himself on January 30, 2024, and transferred the pretrial hearing to Judge Mickey's docket. Approximately 3 weeks later, on February 23, the county court, on its own motion, rescheduled the pretrial hearing, citing a "scheduling conflict." Although the journal entry does not elaborate further, the timing supports the reasonable inference that the scheduling conflict arose as a direct consequence of reassignment.

The record reflects that Judge Worden did not consult with Judge Mickey before scheduling the matter. The conflict was then identified within three weeks of reassignment and the resulting delay was limited to 28 days. According to the clearly erroneous standard, the question is whether the county court's determination was supported by competent evidence and was reasonable. See *State v. Jennings*, 308 Neb. 835, 957 N.W.2d 143 (2021). The State merely needed to prove the excludable time by a preponderance of the evidence. See *State v. Chase*, 310 Neb. 160, 964 N.W.2d 254 (2021). Here, the sequence of events and the limited duration of the delay supports the court's finding that the continuance resulted from reassignment and the determination that the delay was a reasonable consequence.

Accordingly, the district court did not clearly err in finding that 28 days were properly excluded as good cause, extending the statutory deadline from July 18, 2024 to August 15, 2025.

*Discovery Continuance: April 8 to May 13, 2024.*

In its order denying absolute discharge, neither the county court nor the district court addressed the 35-day continuance from April 8 to May 13, 2024, and Britsch did not assign error to it in his brief. However, the State argues that an additional period of time should be excluded from the speedy trial clock resulting from a continuance granted with the consent of Britsch's counsel. We agree.

It is not unusual for speedy trial opinions to consider excludable periods that differ from those considered by the trial court. See *State v. Coomes*, 309 Neb. 749, 962 N.W.2d 510 (2021). And in an appeal from the denial of a motion for absolute discharge, the State as appellee does not request affirmative relief by arguing that additional periods of delay, which were neither considered nor ruled upon by the district court, are also properly excludable. *Id*. The absence of a cross-appeal in this case does not preclude us from considering whether the record supports additional excludable periods. See *id*. An appellate court may, at its discretion, discuss issues unnecessary to the disposition of an appeal where those issues are likely to recur during further proceedings. *Slater v. Ichtertz*, 320 Neb. 159, 26 N.W.3d 504 (2025). See also *State v. Craig*, 15 Neb. App. 836, 739 N.W.2d 206 (2007).

The record here shows that Britsch consented to this delay. See § 29-1207(4)(b). On April 8, 2024, the matter came before the court for a pretrial hearing. Britsch's counsel expressed that he had received discovery materials from the State that day. The following discussion occurred on the record:

> THE COURT: I think I am contemplating the case be continued then to allow at least two weeks to review the materials and see if there is reason a docket call is required. If not, we can take up the status of the case in approximately two weeks . . . I am looking, counsel, at Monday, May 13th at 10:45 for further pretrial. Any objection?
>
> . . . .

[BRITSCH'S COUNSEL]: I don't object to that. I am only objecting to preserve my client's speedy trial right, but that's fine, Your Honor, the 13th.

Britsch's attempt to preserve a speedy trial objection does not alter the conclusion that he consented to the delay. This court has previously determined that the terminology chosen by the defendant or defense counsel does not dictate whether or not a delay resulting from a continuance is excludable for the purposes of speedy trial calculation. Basically, if it looks like a continuance and sounds like a continuance, it is a continuance, and if it is made at the defendant's request or with the defendant's consent, it is excludable for the purposes of speedy trial calculation. See *State v. Craven*, 17 Neb. App. 127, 757 N.W.2d 132 (2008). Therefore, a general objection to speedy trial does not negate the fact that Britsch consented to the delay. The continuance was granted for Britsch's benefit, and the delay was therefore attributable to him.

Excluding the 1 discovery day, 41 days for recusal, 28 days for rescheduling, and 35 days for the discovery continuance yields a total of 105 excludable days. Starting from the original June 6, 2024, deadline, the new deadline would be September 19, 2024. The trial was set for July 25, 2024, which falls well within the statutory period.

Accordingly, the district court did not err in affirming the county court's denial of Britsch's motion for absolute discharge.

## CONCLUSION

We affirm the judgment of the district court, which affirmed the order of the county court denying Britsch's motion for absolute discharge.

AFFIRMED.